[L. A. No. 2274.    Department Two.—August 18, 1909.]

M. H. MILLS, Respondent, v. H. B. ROSSITER, EUREKA OIL BURNER AND MANUFACTURING COMPANY et al., Defendants; J. H. WHITNEY, Appellant.

PRIORITIES OF EQUITIES—SUCCESSIVE ASSIGNMENTS OF CONTRACT TO PURCHASE LAND.—As between two assignees of a vendee in possession of land under an executory contract of sale, their equities are not necessarily equal, and the assignee who is first in point of time is not necessarily entitled to prevail.

ID.—PRIOR ASSIGNEE GUILTY OF NEGLIGENCE—SUBORDINATION OF EQUITY TO THAT OF SECOND ASSIGNEE.—The prior assignee of the vendee in possession under such executory contract, who takes his assignment by a separate instrument and fails to record it, or to procure an indorsement and delivery to him of the original contract of sale, or to enter into possession of the land, or to make the deferred payments due under the contract, is guilty of negligence, and his equity, under section 3543 of the Civil Code, must be subordinated to the equity of a subsequent assignee of the vendee in possession, who takes by an assignment indorsed on the original contract, pays full value for the purchase without notice of any intervening right, and enters into possession and so remains for two months before the first assignee asserts any claim to the property.

ID.—ESTOPPEL OF PRIOR ASSIGNEE—VENDEE MADE AGENT OF PRIOR ASSIGNEE.—If the prior assignee permitted the vendee to remain in possession of the land with the right to sell it, he thereby constituted the vendee his agent, and would be estopped by his conduct from claiming a superior equity over that of the subsequent assignee.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Kendrick, Knott & Ardis, for Appellant.

Alphonso Moore, Moore & Evans, and J. H. Coverley, for Respondent.

HENSHAW, J.—The action was to quiet title. Defendant Whitney alleged an interest in the land growing out of an assignment to him of a certain contract for its sale. Judgment passed for plaintiff and defendant Whitney appeals.

The undisputed facts are that one E. M. Morton went into possession of the land in controversy on the twenty-first day of July, 1906, under a duly executed executory contract to pay for the land at the rate of ten dollars a month for forty consecutive months. While so in possession he entered into a contract with defendant Whitney to the effect that he would sell to Whitney his equity in the land for the sum of two hundred and fifty dollars, and that in the event that Whitney did not sell the property within six months from date then Morton agreed to pay to Whitney a premium of one hundred dollars above and in excess of the amount that Whitney "has in said property at the end of the said six months." Whitney, in identical language, agreed to pay two hundred and fifty dollars for Morton's interest, and further agreed that in the event that he failed to sell the property within six months from the date, that he would deliver it to the party of the first part "in consideration of a premium of one hundred dollars ($100) above and in access (*sic*) of the amount that the said second party has in said property." This contract was never recorded; Whitney never took possession under it, and Morton remained in possession of the land and of the original executory contract for the sale thereof. Morton made improvements upon the land at his own cost and expense, these improvements consisting of a two-story frame store building and a dwelling house. Morton and plaintiff came into negotiation while the former was so in possession of the land. The negotiation ended in plaintiff paying to Morton for his interest in the land about four thousand dollars, a full and fair equivalent. Morton was delinquent upon the monthly payments and plaintiff also made these. Morton surrendered to plaintiff possession of the property, and, likewise, made written assignment of the original contract by indorsement

thereon, and surrendered this contract to plaintiff.   Upon January 22d of the following year plaintiff first became advised of defendant's claim by a note from the latter which declared that he would like to meet plaintiff "in regard to a lot in Redondo of which Mr. E. M. Morton has sold his equity to me and I understand has since sold same to you and has since skiped."   At the time this intimation was received plaintiff had been in possession of the property for about two months, had made all payments delinquent and current under the contract, and had added substantial improvements.   He fulfilled the contract, according to its terms, received the deed from the vendors, and began this action.

Upon appeal appellant invokes the familiar equitable maxim that between two equities, otherwise equal, the prior must prevail, and, the further principle, recognized with proper limitations growing out of the circumstances of each case, that the assignee of an executory contract of purchase is the holder of a mere equity and not within the rule which protects a *bona fide* purchaser for value and without notice of the real or apparent legal title.   (*Dupont* v. *Wertheman,* 10 Cal. 369; *Taylor* v. *Weston,* 77 Cal. 538, [20 Pac. 62].)   It is not necessary here to consider any modification of this rule touching the holder of an equity under an executory contract, which may have been worked by the recordation acts.   (Civ. Code, secs. 1214, 1215.)   It is sufficient in this case to point out the very obvious fact that the equities of plaintiff and defendant were not equal and that the rule as to the priority which applies in such cases has no application here.   Appellant in a separate instrument took what purported to be an assignment of Morton's equity.   He did not record this assignment.   He did not even procure an indorsement and delivery to him of the original contract.   He did not enter into possession.   He did not make payments under the contract.   He held out no notice to the world that Morton was other than what he represented himself to be, the owner of the executory contract and in possession under the rights conferred by that contract.   By his conduct he suffered plaintiff to purchase from Morton; to pay full value for the purchase without notice of any intervening right; and enter into possession and to remain in possession for two months before he first asserted this claim.   If appellant, under these cir-

cumstances, be regarded as equally innocent, though it is somewhat difficult so to regard him, then must he submit to the equitable maxim expressed in section 3543 of the Civil Code that, "where one of two innocent persons must suffer by the act of a third, he by whose negligence it happened, must be the sufferer." Or, again, appellant's own testimony is to the effect that he permitted Morton to remain in possession with right "to handle the property," meaning thereby, to sell it. Morton, thus, by appellant's own statement became his agent, and upon the plainest principles of estoppel by conduct, Whitney will not be heard now to assert that his equity is superior to that of Morton's vendee. (*Dolbeer* v. *Livingston*, 100 Cal. 617, [35 Pac. 328].)

For the foregoing reasons the judgment and order appealed from are affirmed.

Lorigan, J., and Melvin, J., concurred.