[S. F. No. 6364. In Bank.—February 11, 1915.]

# EDWARD J. O'ROURKE, Administrator of the Estate of Owen McCabe, Deceased, et al., Respondents, v. FRED C. SKELLENGER, Appellant.

APPEAL—UNPRINTED RECORD—FAILURE TO PRINT ESSENTIAL PORTIONS OF RECORD IN BRIEFS.—Where an unprinted record on appeal is made up in the manner prescribed by section 953a of the Code of Civil Procedure, the parties must, in their briefs, or in a supplement thereto, print such portions of the record as they desire to call to the attention of the court. Failure to conform with this requirement would justify the appellate court in refusing to examine the record at all.

RESULTING TRUST—AGREEMENT TO ADVANCE MONEY FOR HEIRS IN PURCHASE OF MORTGAGE AGAINST ESTATE—PURCHASE AT FORECLOSURE SALE.—Pending the foreclosure of a mortgage against the estate of a deceased mortgagor, the defendant agreed with the heirs that he would advance for them the money to buy the mortgage, and would buy it therewith; that he would then have himself substituted in the suit as plaintiff, obtain judgment by default against the estate and heirs for the foreclosure thereof, cause execution to issue thereon, buy the land in his own name at the foreclosure sale for the amount of the mortgage debt, interest, and costs, obtain the foreclosure deed thereunder to himself at the expiration of the period of redemption, and thereafter hold the land in trust for the benefit of the estate and the heirs, it being agreed by them that they would repay him the amount advanced in the transaction, together with legal interest thereon. In pursuance of this arrangement, he purchased the mortgage and, as arranged, acquired the title to the land under the foreclosure sale. *Held,* that the consideration for the purchase of the mortgage and of the land at the foreclosure sale, must be deemed to have been paid by the heirs, and that a resulting trust was created accordingly.

ID.—ACTION TO ENFORCE TRUST—PERSONAL REPRESENTATIVE OF ESTATE A PROPER PLAINTIFF.—In an action to enforce such trust, the personal representative of the deceased mortgagor is properly joined as a party plaintiff with the heirs.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

J. E. Barry, and Edward Lande, for Appellant.

Brennan & Lane, for Respondents.

SHAW, J.—This is an appeal by the defendant from the judgment. The object of the action is to declare and enforce an alleged trust in certain parcels of land of which the decedent Owen McCabe, died seized. By his will he devised the land to his wife, Ellen McCabe, for her natural life, with remainder to his children, Nellie McCabe Rosenberger, Margaret C. Skellenger, and Eugene McCabe. Ellen died on March 2, 1907. Eugene, on October 30, 1905, conveyed his interest in the land to the plaintiff, O'Rourke. Margaret C. Skellenger was the wife of the defendant. She died on November 3, 1909.

The record on appeal was made up in the manner prescribed in section 953a of the Code of Civil Procedure. It is not printed. Section 953c provides that such transcripts need not be printed, but it adds that "in filing briefs on said appeal the parties must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court." The appellant has not complied with this requirement of the statute. Some short extracts from the record are printed in his briefs, but not enough to enable us to determine the issues or the questions presented for review. In this condition of the case we do not think we are required to make more than a cursory examination of the typewritten record on file. Indeed, we would be fully justified, under the provision above quoted, in refusing to examine it at all.

From the examination we have made we find the case, as alleged, proven, and found by the court, is in substance and effect as follows:

Owen McCabe, in his lifetime, had mortgaged the land to one Forster and the mortgage remained unpaid at his death. Forster began a foreclosure suit thereon. Thereupon the defendant agreed with the heirs of McCabe that he would advance for them the money to buy the Forster mortgage, that he would buy said mortgage therewith, that he would then have himself substituted in the suit as plaintiff, obtain judgment by default against the estate and heirs for the foreclosure thereof, cause execution to issue thereon, buy the land in his own name at the foreclosure sale for the amount of the mortgage debt, interest, and costs, obtain the foreclosure deed therefor to himself at the expiration of the period of redemption, and thereafter hold the said land in trust for the

benefit of the estate of Owen McCabe and the heirs, it being agreed by them that they would repay him the amount advanced by him in the transaction in the purchase of the mortgage and payment of costs, together with legal interest thereon. In pursuance of this arrangement, he purchased the mortgage and, as arranged, acquired the title to the land under the foreclosure sale. The defendant denied the agreement and denied that he held the land in trust as alleged.

The court adjudged that he held the land in trust for the heirs subject to a lien for his advances and interest.

There were some additional allegations and findings tending to show fraud by the defendant and confidential relations between him and the heirs who made the agreement. We do not deem it necessary to state the facts in greater detail.

The decisions of this court establish the proposition that, under the circumstances stated, the defendant will be held bound as trustee of the land for the benefit of the heirs of McCabe, and that in equity he is entitled only to be reimbursed for his outlays, with interest, with a lien on the land to secure him in the repayment thereof. The consideration for the purchase of the mortgage from Forster, and of the land at the foreclosure sale, is, under the circumstances stated, deemed to have been paid by the heirs, and a resulting trust is created accordingly. The rule is stated in *Brown* v. *Spencer*, 163 Cal. 592, 593, [126 Pac. 493], and many of our decisions in which may be found illustrations of the applications of the rule, are there cited. It is not necessary to consider the question at further length. The court below was correct in its conclusion that the defendant was chargeable as a trustee. Its judgment, in so far as it departed from the strict letter of the prayer for relief, was authorized by the allegations, under section 580 of the Code of Civil Procedure.

There was no misjoinder of parties plaintiff. The administrator with the will annexed of Owen McCabe's estate was a proper party plaintiff. The estate was interested in having the trust declared and enforced.

The judgment is affirmed.

Sloss, J., Lorigan, J., Melvin, J., Henshaw, J., and Angellotti, C. J., concurred.

Rehearing denied.