[Sac. No. 2325. Department One.—February 13, 1917.]

CHARLES E. MILLER, Appellant, v. HARRIET A. OLIVER et al., Respondents.

APPEAL — TYPEWRITTEN TRANSCRIPT — FAILURE OF BRIEFS TO EMBODY PARTS OF RECORD—AFFIRMANCE OF JUDGMENT.—On an appeal from the judgment, where the transcript of the record is presented in typewriting as provided by sections 953a et seq. of the Code of Civil Procedure, the failure of the appellant to print in his briefs on appeal such portions of the record as he desires to call to the attention of the court, justifies an affirmance of the judgment without further consideration.

ID.—FRIVOLOUS APPEAL—DAMAGES.—In this action to cancel a deed, in which the findings and judgment were in favor of the defendants, the plaintiff's appeal is held to be without merit, and the case one for the imposition of damages for taking a frivolous appeal.

APPEAL from a judgment of the Superior Court of San Joaquin County. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

A. H. Ashley, and Clary & Louttit, for Respondents.

SHAW, J.—The plaintiff and his wife, who was made a party to the action by the defendants' cross-complaint, appeal from the judgment.

The transcript of the record presented in support of the appeal was prepared in typewriting as provided in sections 953a, 953b, and 953c of the Code of Civil Procedure. Section 953c provides that "In filing briefs on said appeal the parties must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court." The appellants did not print in their opening brief any portion of the record. The respondents, in their brief, call attention to this omission and object to our consideration of any part of the record except the judgment-roll printed in said brief. In their reply brief the appellants ignore this objection and again fail to print any part of the record.

In the face of this contumacy, the court would be justified in affirming the judgment without further consideration.

We have, however, examined the judgment-roll and we find therein no good cause for the appeal. The complaint alleges that the plaintiff owns a farm of 629.19 acres; that he is the son of the defendant Harriet A. Oliver, and has always reposed special confidence and trust in her and has always been guided, influenced, and controlled by her; that he was "a young man of inexperience"; that on June 21, 1907, he, his mother, then Harriet A. Madigan, and the defendant J. E. Oliver formed a corporation with the corporate name of "Miller Farm Company," and filed its articles of incorporation in the county clerk's office; that on June 22, 1907, said articles were filed in the office of the Secretary of State; that on June 21, 1907, his mother persuaded him to execute a deed purporting to convey said farm to Miller Farm Company; that it was made without consideration and upon the promise of the other defendants that the farm would be reconveyed to plaintiff upon his demand; that said corporation at that time did not exist. He asks that he be adjudged to be the owner of the farm and that said deed be canceled and the farm reconveyed to him.

The findings are that plaintiff is not, and has not been since said deed was executed, the owner of the farm; that he was not at that time "a young man of inexperience"; that he did not then repose special trust and confidence in his mother; that she did not then guide, influence, or control him, or persuade him to execute said deed; that it was not made without consideration, nor upon any promise to recon-

vey to him the farm; that although it was dated on June 21, 1907, it was not delivered, and, consequently, not executed, until July 10, 1907; that the consideration thereof was the issuance of all except three of the 250 shares of stock of said corporation to J. E. Oliver, as trustee, to hold in trust for said plaintiff, to be returned to plaintiff as soon as certain moneys paid and to be paid by J. E. Oliver, for the payment of plaintiff's debts and expenses, were repaid to said Oliver. It is not claimed that there was not substantial evidence sufficient to support these findings.

The judgment is that plaintiff has no interest in the farm, that the deed conveyed it absolutely to said corporation, and that plaintiff take nothing. As to the stock, it declares that J. E. Oliver still holds the 247 shares of stock in trust for plaintiff and has a claim thereon for advances to and for plaintiff and for expenses regarding the trust, amounting to $15,610.61, and that if said sum is not repaid to him within 180 days, said stock shall be sold to pay the same. These and other matters concerning the trust in the stock were put in issue by a cross-complaint and are fully supported by findings. We do not think it necessary to state these findings. Plaintiff gives no data to show that they are not supported by the evidence.

It is evident that there was no merit in the plaintiff's case, nor in this appeal. No object for taking it is apparent, except to vex, hinder, and delay the defendants. It is a proper case for the imposition of damages.

It is ordered that the judgment be affirmed and that the defendants recover of plaintiff the sum of one hundred dollars as damages, together with costs of appeal.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.