[S. F. No. 7965. Department One.—April 30, 1917.]

In the Matter of the Estate of JOHN M. KEITH, Deceased.

APPEAL—JUDGMENT DENYING PARTIAL DISTRIBUTION—DEFECTIVE RECORD—AFFIRMANCE OF JUDGMENT.—Where upon an appeal from a judgment denying and dismissing a petition for the partial distribution of an estate of a deceased person, taken under the alternative method, the appellant does not include in her brief, or in a supplement thereto, any part of the record or of the evidence upon which the lower court acted in determining the fact of the alleged relationship of the appellant to the deceased, but contents herself with referring to a few rulings in the admission and rejection of evidence, and with the claim, unsupported in most instances by argument or citation of authority, that the rulings were erroneous, the judgment must be affirmed.

ID.—REVERSAL FOR ERROR—RULE.—Abstract error is not a ground for reversal, nor is error which does not appear to have been prejudicial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

E. B. Mering, for Appellant.

John L. McNab, Gavin McNab, and Nat Schmulowitz, for Respondents.

SLOSS, J.—John M. Keith died on the twenty-seventh day of April, 1914, leaving a large estate. On May 28, 1914, a paper, dated March 3, 1913, was admitted to probate in the superior court of the city and county of San Francisco as the olographic will of said decedent, and letters testamentary were issued to J. J. Mack, named therein as executor. The order admitting the will to probate has long since become final. In June, 1915, the executor filed his first annual account, and soon thereafter various beneficiaries named in the will filed applications for partial distribution.

While matters were in this condition, Dr. Sarah J. Tedford presented a paper, dated April 20, 1914, as the last will of John M. Keith, and filed a petition for its admission to probate. The alleged will purported to give the entire estate to Louise Keith Thomson, described as Keith's "only daughter," and named Dr. Tedford "Truste to carry out the exicutive work of probating" the will.

The petition for probate was filed on September 3, 1915. The petitioner having been advised that the time for questioning the probate of the will of March 3, 1913, had long gone by, she dismissed her petition on September 15, 1915. On the last-named day, Louise K. Thomson, the appellant herein, filed a petition asking that the entire estate be distributed to her. In this petition she alleged that Keith had been married twice, that she, the petitioner, was the sole issue of the first marriage, and that there was no issue of the second; and that she, as sole heir, was entitled to receive the entire estate because of the omission of the decedent to make any provision for her in his will. She subsequently filed a petition for partial distribution, based upon similar allegations, and the proceedings here under review were had under this petition and the oppositions thereto.

The court found that Keith was married only once, and that there was no issue of this marriage; that Louise K. Thomson was not a child of John M. Keith, and was not entitled to inherit any part of his estate. Judgment was entered denying and dismissing her petition for partial distribution. From this judgment she appeals. The record was brought up in typewritten form under the provisions of sections 953a, 953b, and 953c of the Code of Civil Procedure.

The truth of appellant's claim that she was the daughter of John M. Keith presented the one vital issue of fact in the case. She has not included in her brief, or in a supplement thereto, any part of the record, or of the evidence upon which the lower court acted in determining the fact of her alleged relationship to the decedent against her. She contents herself with referring to a few rulings in the admission and rejection of evidence, and with the claim, unsupported in most instances by argument or citation of authority, that these rulings were erroneous. Under the provisions of section 953c, the court is not required to consider any more of the record than the parties have seen fit to incorporate in their briefs. (*O'Rourke* v. *Skellenger,* 169 Cal. 270, [146 Pac. 633].) The bald references by appellant to alleged errors in the admission or rejection of evidence do not enable us to determine whether the rulings complained of, if erroneous, had any bearing upon the result of the trial. Abstract error is not a ground for reversal, nor is error which does not appear to have been prejudicial. The judgment appealed from might well be affirmed on this ground alone.

We have, however, made a sufficient study of the evidence (the essential parts of which are carefully collated by the respondents in their brief), to convince us that the same result must be reached upon a review of the entire record. The appellant's claim rested, in the main, upon the testimony of Dr. Tedford. Stated in barest outline, Dr. Tedford's story was that she met John M. Keith in San Francisco in the year 1862. He told her that he was a native of England or Scotland. In September, 1864, Keith was married to Nina Kirby. On November 7, 1865, the appellant, Louise Keith, now Louise Keith Thomson, the issue of this marriage, was born. Her mother, Nina Kirby Keith, died within a few hours after giving birth to the child. In January, 1867, Keith was married to Adelaide M. Sheldon. The first marriage, the birth

of the child, the death of the mother, and the second marriage all took place at Chicago, and Mrs. Tedford was present on each of these occasions. In 1886, at San Francisco, Keith obtained a divorce from his second wife. In 1887, Keith and his daughter Louise made a journey to Alaska, and both were thought to have been lost in a shipwreck. Dr. Tedford learned in 1898 that the daughter had survived the wreck, but neither she nor the appellant saw or heard anything of Keith until April 20, 1914, just one week before Keith's death, when they met him walking on the street in San Francisco. A mutual recognition ensued. The three went into a store, where Keith wrote his will in favor of the petitioner. This document, according to Mrs. Tedford's story, is the paper which she offered for probate many months after Keith's death. In addition to the testimony of Dr. Tedford, that of some other witnesses was offered in support of the claim that the appellant was Keith's daughter. One of these witnesses knew Keith as manager of a railroad eating-house at North Platte, Nebraska, during the period from 1869 to 1879, Keith then having a little girl with him. Although this witness had not seen the girl for nearly forty years, he was able, at the trial, to identify her with the petitioner. Another witness testified that he had seen the petitioner with Keith at Bakersfield in the years from 1884 to 1887. This, with some further testimony of minor corroborative value, was the evidence introduced to establish the appellant's case. We need not stop to point out its inherent weakness. A more detailed statement would disclose abundant ground for saying that the testimony of Mrs. Tedford, which formed the main reliance of the appellant, was on its face improbable and unworthy of belief. It is not, however, necessary to go so far. The respondents introduced evidence, unimpeached and convincing, making it entirely clear, either that the appellant was not the daughter of any man named Keith, or that, if her father did bear that name, he was not the Keith whose estate is here involved.

This evidence, consisting of the testimony of reputable witnesses, supported by an abundance of documentary proof, showed that John M. Keith was a native of the state of Georgia; that he came to California "in the fifties," locating in Gilroy somewhere about 1860. He was shown to have been at Gilroy or in the San Joaquin Valley at the various

times when Mrs. Tedford claimed to have seen him in Chicago. He lived in Gilroy until 1874, when he was married to Lucy Goodman. From the date of his marriage to her, he lived with his said wife until her death in 1907. Shortly after the marriage, Keith moved to Kern County, and he lived near or in Bakersfield until 1901, when he removed to San Francisco. It is abundantly shown that during the entire period of his marriage he had no child, and no child was living with him. During the years when, according to appellant's claim, he was living in North Platte, Nebraska, he was, beyond question, residing continuously in this state.

The appellant's case is so obviously without merit that a decision against her was inevitable. The respondents are well within the bounds of moderation when they characterize the claim as one "devoid of truth and lacking even plausibility." Under these circumstances, it would be idle to discuss, or even to enumerate, the assignments of error which are presented. If the rulings complained of had not been made, it would still be perfectly apparent that the appellant's pretensions have no substantial foundation. At no stage of the law would an appellate court, on such a record as the one before us, have felt justified in reversing this manifestly just judgment, even though some technical error may have been committed during the trial. Much less can the rulings be given any weight since the adoption of section 4½ of article VI of the Constitution. Our examination of the record convinces us that, if there were errors in the proceedings below, they did not result in a miscarriage of justice. On the contrary, it would be a glaring miscarriage of justice to require a new trial in a case like this.

The claim of the petitioner should never have been presented to any court. When it had been rejected by the learned judge of the trial court, after a patient hearing of all the evidence, there was no justification or legitimate reason for an appeal. The case is an eminently proper one for the imposition of a penalty for the protracting of baseless litigation.

The judgment is affirmed, and it is adjudged that the respondents recover from the appellant the sum of one hundred dollars as damages for the taking of a frivolous appeal.

Shaw, J., and Lawlor, J., concurred.