[L. A. No. 4106. Department Two.—December 13, 1917.]

## J. GEORGE SCOTT, Appellant, v. HOLLYWOOD PARK COMPANY (a Corporation), et al., Respondents.

APPEAL—ALTERNATIVE METHOD—INSUFFICIENT RECORD.—Where an ap-peal taken under the alternative method comes up on a typewritten transcript in accordance with the provisions of sections 953a, 953b, and 953c, of the Code of Civil Procedure, and the appellant fails to print in briefs on such appeal or in a supplement appended thereto such portions of the record as he desires to call to the attention of the court, as required by section 953c, no duty devolves upon the court to examine a voluminous typewritten transcript of the steno-graphic report in search of error upon which to base a reversal, and a judgment so appealed from will be affirmed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Robert L. Hubbard, for Appellant.

Haas & Dunnigan, for Respondents.

VICTOR E. SHAW, J., pro tem.—In support of his ap-peal herein appellant, in lieu of a bill of exceptions and

printed record, presents a typewritten transcript, in accordance with the provisions of sections 953a, 953b, and 953c of the Code of Civil Procedure. While section 953c declares the transcript of such record need not be printed, it, in express terms, provides that: "In filing briefs on said appeal the parties must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court."

In his brief, counsel for appellant states that "while there were many and grievous errors committed by the court in the trial of this cause, the one and vital error, and the one relied upon, consisted in rendering judgment in favor of the defendants and against plaintiff, and denying plaintiff the relief to which he is entitled." As appears from appellant's brief, no attack is made upon the findings, the sufficiency of which to support the judgment is likewise unquestioned, and our attention is directed to no error of law occurring at the trial. Neither in his brief nor in any supplement thereto is there anything to indicate what relief was sought by the action, nor is there anything printed in the brief indicating the nature of the judgment which appellant says was erroneously rendered. All presumptions indulged in are in favor of the regularity of the judgment and proceedings upon which it is based, hence it devolves upon an appellant to affirmatively show the existence of the error upon which he asks for a reversal. Upon the showing made, how can this court say the judgment thus attacked is erroneous? Assuming that appellant's real contention is that the evidence is insufficient to sustain the findings, the answer is that the findings so attacked are not printed in the brief, without which and the evidence upon which they are based, this court cannot say they are unsustained. The brief does not purport to contain all or other than a meager part of the evidence upon which the trial court made its findings.

The direction contained in the statute is clear that where the record is brought up under the provisions of sections 953a, 953b, and 953c of the Code of Civil Procedure, the appellant shall print enough of such record to show the alleged error of which he complains, and also illustrate the points made in the argument. When not thus exhibited, no duty devolves upon the court to examine a voluminous type-

written transcript of the stenographic report in search of error upon which to base a reversal.

The requirement of the statute in this regard has been repeatedly pointed out. (*Estate of McPhee,* 156 Cal. 335, [Ann. Cas. 1913E, 899, 104 Pac. 455]; *Marcucci* v. *Vowinckel,* 164 Cal. 693, [130 Pac. 430]; *McKinnell* v. *Hansen,* 34 Cal. App. 76, [167 Pac. 887]; *Miller* v. *Oliver,* 174 Cal. 407, [163 Pac. 357].)

The judgment is affirmed.

Melvin, J., and Henshaw, J., concurred.