[Civ. No. 2182.   Second Appellate District.—July 5, 1918.]

# D. I. MAGEE, Respondent, v. W. J. BURT MOTOR CAR COMPANY (a Corporation), Appellant.

CONDITIONAL SALE—DEFAULT OF VENDEE—RETAKING OF POSSESSION AND RESALE BY VENDOR—NONLIABILITY FOR CONVERSION.—A vendor of personal property which had been delivered to the vendee under a conditional sale contract, which authorized the vendor to demand and have possession of the property "at any time before said sale and transfer," cannot be held guilty of conversion in taking possession of the property under a claim and delivery action and thereafter making a resale thereof, where the vendee was in default and made no reasonably prompt tender of performance.

APPEAL from a judgment of the Superior Court of Los Angeles County.   C. A. Raker, Judge Presiding.

The facts are stated in the opinion of the court.

James W. Bell, for Appellant.

Gilbert & Levy, for Respondent.

CONREY, P. J.—The defendant appeals from the judgment. The record has been prepared under the alternative method. Counsel in their briefs have complied very slackingly with the provisions of section 953c of the Code of Civil Procedure. So far as shown by those portions of the record which are set out in the printed briefs, or stated by counsel on one side and definitely admitted by counsel on the opposing side, the facts of the case are as hereinafter stated. Matters not so presented will not be discussed.

Respondent brought this action to recover damages for the conversion of a certain automobile. On July 29, 1914, appellant delivered to the respondent the said automobile under a conditional sale agreement, pursuant to which respondent paid appellant $150 and gave to appellant twenty-two promissory notes, the first of which matured one week after that day and the remaining ones at the rate of one each week thereafter until the thirtieth day of December, 1914. The notes represented weekly payments of one hundred dollars, except

37 Cal. App.—47

the last payment, which was to be $80. The first of said notes was as follows:

"$100.00.                    Los Angeles, Cal., July 29, 1914.

"One week after date, without grace, for value received, I promise to pay to the order of W. J. Burt Motor Car Company one hundred dollars, payable in gold coin of the United States of America, with interest thereon in like gold coin, from date until paid, at the rate of 7% per cent per annum. And in case a suit or action is instituted to collect the money above mentioned, or any portion thereof, I promise to pay ten per cent on the sum first aforesaid, additional to said amount, as attorney's fees, in such suit or action. The above note is given upon and for the consideration that the said W. J. Burt Motor Car Co. have agreed and promised that upon the payment of said note and all other notes outstanding of even date herewith, principal and interest, at maturity (*time being the essence of this contract*), they will sell and transfer to the undersigned, at the price of said principal and interest, the one white, six cylinder, Auburn touring car, factory number 11539, fully equipped, which said W. J. Burt Motor Car Company have this day entrusted to the care of the undersigned. It is admitted and agreed that said property so entrusted is the property of said W. J. Burt Motor Car Co., and the legal title thereof is in the said W. J. Burt Motor Car Co., and shall remain in them until they shall make the aforesaid sale and transfer after the principal and interest aforesaid shall be paid.

"And the undersigned agrees to return and deliver the said automobile to the said W. J. Burt Motor Car Co., if requested at any time before said sale and transfer, in good order.

"Principal and interest payable in U. S. gold coin at First National Bank, Los Angeles, Cal.

"D. I. Magee."

It was stipulated that the note above set forth constituted the entire and only contract between the parties to this action; which means, presumably, that all of the notes were alike in form.

Respondent paid twelve of these notes, the last of the twelve being paid February 11, 1915, at which time all of the notes were past due. Respondent paid one hundred dollars additional in three checks, of which one was dated February 2 and the others February 11, 1915, and by his own admission

he still owed $880, with interest.  On the eleventh day of May, 1915, appellant took possession of the automobile under a claim and delivery action in the superior court of Los Angeles County, and surrendered in court all the unpaid notes. At the time of retaking the automobile its value was about eight hundred dollars.  Appellant paid out and expended in repairs on the automobile the sum of $458, and on the twenty-seventh day of December, 1915, sold it for the sum of one thousand four hundred dollars.  Respondent claimed, and by the judgment herein was awarded, the difference between the unpaid portion of this contract and the amount of the resale, which difference was found to be $429.55.

Appellant contends that upon its taking possession of the automobile, all obligations under the contract between it and the respondent were thereby terminated.  The rule relied upon was stated in *Pacific Carbonator Co.* v. *Haydes*, 26 Cal. App. 607, [147 Pac. 988], to the effect that "A vendor of property which has been delivered to his vendee under a conditional sale contract has the option in case of default either to recover payments provided to be made under the contract, or to retake the property and put at an end all further obligation on the part of either party."  In that case, the vendor did not elect to retake the property, but prosecuted its action to recover the full contract price.  It was held that the plaintiff was entitled to recover.  The contract in that case differed from the one now before us in this, that the contract there expressly provided that, in the event of default as to any payment agreed to be made by the vendees, repossession of the machinery sold might be had by the vendor, and in that event all payments theretofore made should be deemed to have been payments made for the use of the machinery.  In the present case the contract authorizes the vendor to demand and have possession of the property "at any time before said sale and transfer" (independently of any default of the vendee), and provides further that time is of the essence of the contract.  "It has been held in this state that where the vendor, in case of a conditional sale, retakes possession pursuant to the terms of the contract, the defaulting vendee may still complete the purchase and perfect his right to receive the property by paying the balance due. (*Miller* v. *Steen*, 30 Cal. 407, [89 Am. Dec. 124].)  This upon the theory that a mere delay in the payment of money is

ordinarily 'capable of exact and entire compensation,' and will not, *unless time has expressly been made of the essence of the obligation,* bar the right of the party in default to tender payment, with interest, at a later date, and demand performance of whatever obligation was due him upon such payment.'' (*Liver* v. *Mills,* 155 Cal. 459, 462, [101 Pac. 299].) But even so, in the absence of any reasonably prompt tender of performance by the delinquent purchaser, the vendor cannot be held guilty of conversion when he sells the property to a third person. Nor is the vendor's right to resell the property lost by accepting partial payments from the conditional vendee after the entire contract price became due. In the case at bar the respondent did not pay or offer to pay anything on account of his contract at any time after February, 1915. Appellant obtained possession of the automobile in May, 1915, but did not sell it until the following December. Under the same conditions, and under a very similar contract, it was held that the vendor, in making a resale, acted within his rights. (*Benedict* v. *Greer-Robbins Co.,* 26 Cal. App. 468, [147 Pac. 486].) So here the plaintiff being in default, and the defendant being the owner of the automobile, and lawfully in possession thereof, the defendant cannot, by reason of making such sale, be held guilty of an unlawful conversion thereof to its own use.

The judgment is reversed.

James, J., and Works, J., *pro tem.,* concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 3, 1918.