[L. A. No. 4707. Department One.—February 6, 1919.]

## LEWIS CHANDLEE, Respondent, v. E. E. McCALLA et al., Appellants.

APPEAL — INSUFFICIENT RECORD — SECTION 953c, CODE OF CIVIL PROCEDURE. — Where appellants on an appeal taken under section 953a et seq., of the Code of Civil Procedure, from a judgment against them, state in their brief that the action was brought to recover damages for the breach of a written contract and claim that the complaint fails to allege nonperformance of any act which they had undertaken to perform, but do not set out any part of the complaint and only a single disconnected clause of the contract, there is a total failure to comply with section 953c of said code.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. F. Campbell, for Appellants.

A. B. Perdue, for Respondent.

SLOSS, J.—The defendants appeal from a judgment against them for $357.87. The record is brought up in type-written form under section 953a et seq. of the Code of Civil Procedure.

The appellants have filed a brief covering something less than two printed pages. They state therein that the action was brought to recover damages for the breach of a written contract, and claim that the complaint fails to allege non-performance of any act which they had undertaken to perform. They do not, however, print any part of the complaint, and content themselves with copying a single dis-

connected clause of the contract. There is thus a total failure to comply with the requirement of section 953c that the parties must "print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court." The fragmentary references in appellants' brief are entirely insufficient to enable the court to reach an adequate understanding of the case. Under these circumstances, we are not called upon to consider the point sought to be made. (*O'Rourke* v. *Skellenger,* 169 Cal. 270, [146 Pac. 633]; *Miller* v. *Oliver,* 174 Cal. 404, [163 Pac. 357]; *Estate of Keith,* 175 Cal. 26, [165 Pac. 10].)

The judgment is affirmed.

Shaw, J., and Lawlor, J., concurred.