[Civ. No. 2749.  First Appellate District, Division Two.—April 8, 1919.]

## CITY STREET IMPROVEMENT COMPANY (a Corporation), Respondent, v. HENRY SILVERSHIELD et al., Appellants.

[1] APPEAL—ALTERNATIVE METHOD—SECTION 953c, CODE OF CIVIL PROCEDURE, CONSTRUED.—Section 953c of the Code of Civil Procedure, governing the taking of appeals under the alternative procedure, is positive in its requirements.

APPEAL from a judgment of the Superior Court of Sonoma County.  Emmet Seawell, Judge.  Affirmed.

The facts are stated in the opinion of the court.

W. F. Cowan for Appellants.

Platt Kent for Respondent.

BRITTAIN, J.—The appeal, upon the alternative procedure, is from a judgment upon a private contract for street work in the city of Santa Rosa.  In the opening brief there is no appendix, and the only pretense of setting out any part of the record, if indeed it is a part of the record, is a mutilated excerpt from a part of the private contract.  There is a statement that one of the principal points upon which the appellants rely is the construction of the contract.  The respondent's brief consists of a single paragraph asking that the judgment be affirmed for the reason that the appellants have not printed in their brief the portion of the record required for the information of the court, citing Code of Civil Procedure, section 953c, and *Miller* v. *Oliver*, 174 Cal. 404, [163 Pac. 357], and stating that the appeal appears to have been taken solely for delay.

In the closing brief is a statement that counsel for the appellants have been assured several times by courts of appeal when presenting cases that they always make a practice of going fully into the transcript, and, further, in order that there might be no dereliction, in the closing brief they set forth certain matter, which may or may not have been another part of the contract in suit so far as appears from the brief, consist-

ing of three questions with their answers, which, standing alone, are entirely unintelligible. There is also set forth what is designated the pretended acceptance by the city of Santa Rosa.

[1] Section 953c of the Code of Civil Procedure is positive in its requirements. It has frequently been construed by both the supreme court and the district courts of appeal. *Miller* v. *Oliver* was decided more than a year before the appellants' opening brief in this case was filed. In that case the supreme court awarded damages of one hundred dollars against the appellant for a frivolous appeal. The disregard by the appellant in that case of the provisions of section 953c of the Code of Civil Procedure was not more marked than that of the appellants in the present case. (*Estate of Keith,* 175 Cal. 26, [165 Pac. 10]; *Welk* v. *Sorenson,* 179 Cal. 604, [178 Pac. 498]; *Whiting-Mead Commercial Co.* v. *Richards, ante,* p. 266, [180 Pac. 633].) The record has been examined and it fails to disclose merit in the appeal from a judgment of $108.05, interest and costs.

The judgment is affirmed, and it is adjudged that respondent recover from the appellants the sum of $50 for the taking of a frivolous appeal.

Langdon, P. J., and Haven, J., concurred.