[Civ. No. 1883. Second Appellate District, Division One.—May 27, 1919.]

## ARIZONA TOBEY, Appellant, v. FRANCES H. RANDALL, Respondent.

[1] APPEAL—ALTERNATIVE METHOD—INSUFFICIENT RECORD IN BRIEFS. Where the record on appeal is prepared under the alternative method and the parties do not cause to be printed in their briefs, or in a supplement thereto, those portions of the record which they desire to call to the attention of the court, the court will not search the typewritten transcript for further information.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Earl Rogers and M. M. Cohen for Appellant.

Gordon, Elliott & Gordon for Respondent.

CONREY, P. J.—In the briefs of counsel for appellant we are informed that this is an action to compel specific performance of a contract, and that the appeal is from a judgment entered after an order sustaining a demurrer to the second amended complaint, without leave to amend. The opening brief contains a statement that the second amended complaint "alleges in summary" certain facts concerning transactions between plaintiff and defendant. But the learned writers do not favor us with even a summary statement of the contents of the demurrer which was so fatal to their third attempt to state a cause of action.

[1] Where the record is prepared under the "alternative method" now allowed, and the parties do not cause to be printed in their briefs or in a supplement thereto those portions of the record which they desire to call to the attention of the court, the court will not search the typewritten transcript for further information. (Code Civ. Proc., sec. 953c; *Barker Bros.* v. *Joos,* 36 Cal. App. 311, [171 Pac. 1085]; *Magee* v. *W. J. Burt Motor Car Co.,* 37 Cal. App. 737, [174 Pac. 687]; *Scott* v. *Hollywood Park Co.,* 176 Cal. 681, [169 Pac. 379]; *Chandlee* v. *McCalla,* 179 Cal. 678, [178 Pac. 709].)

The arguments in the briefs in this case indicate (although the facts do not so appear in the "summary" of the complaint) that the agreement which plaintiff seeks to have specifically performed was one not to be performed within a year from the making thereof, and that the agreement was not in writing and subscribed by the defendant. Appellant in her brief says that respondent "agreed, contracted, and represented" that from the water supply owned by her on land adjoining that sold by her to appellant the respondent would furnish from the system already in operation ample water for all flats and dwellings

erected by appellant on the property purchased by her. In the brief of respondent we are told that it is nowhere specifically alleged that the defendant entered into a contract to do any of the matters set forth in the complaint.

These illustrations show that counsel disagree about the facts, and that we cannot ascertain the precise facts upon which the appeal should be determined, without examining the typewritten record. While it would not be difficult, in the case of a short record, for the court to disregard the rule, it must not be forgotten that in many cases the records are long and complicated. The rule exists in the statute, for the very purpose of compelling counsel to select from the record, and accurately present for convenient reference, those portions of the record which are necessary to a decision. The time which judges might consume in searching through the original transcript of a case is time taken from other cases that wait for attention.

But the rule should be uniformly enforced, or else should be abandoned. We have no inclination to declare it abandoned, and such declaration would be out of harmony with the law, even if we were so inclined.

The judgment is affirmed.

Shaw, J., and James, J., concurred.