[Civ. No. 2803. First Appellate District, Division Two.—June 20, 1919.]

B. S. NOYES, Respondent, v. GEORGE W. HUFFMAN et al., Defendants; A. J. COLL, Appellant.

[1] QUIETING TITLE—ACTION BY HOLDER OF LEGAL TITLE—EQUITABLE RIGHTS OF DEFENDANT—RELIEF GRANTED.—The holder of the legal title to land may sue anyone claiming an interest adverse to him, and if the defendant in such a suit shows by proper pleading and proof an equitable right to conveyance of the legal title, in the exercise of its chancery powers, the court may grant the proper relief.

[2] ID.—APPEAL FROM JUDGMENT — INSUFFICIENT RECORD.—On this appeal by a defendant from a judgment quieting the plaintiff's title to certain real property, the record, as presented to the appellate court, was wholly insufficient to prove any equity in appellant.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. P. Thompson for Appellant.

A. M. Drew for Respondent.

BRITTAIN, J.—A. J. Coll, one of the defendants, appeals by the alternative method from a decree quieting the plaintiff's title to land in Fresno County. The suit was against one Huffman, Josephine E. Warner, formerly Rybka, Coll, and fictitious defendants. Huffman and Mrs. Warner defaulted and the suit was dismissed as to the fictitious defendants, leaving Coll as the only active defendant. Apparently he admitted the legal title of the plaintiff and claimed a right of conveyance from the plaintiff under a series of contracts, of which none are printed in the briefs. Neither was there printed in the appellant's brief nor in an appendix, Coll's answer, the findings or the decree. A portion of the findings and a skeletonized statement of certain oral testimony are printed in the appellant's brief, and there are general statements of fact referring to pages of the typewritten record. From this unsatisfactory presentation of facts it is gleaned that the plaintiff entered into a contract to sell to Huffman on time the land in controversy; that Huffman assigned to Mrs. Warner his interest in the contract, and that Mrs. Warner entered into a contract with Coll in which, representing herself as the owner of the land, she obligated herself to convey an undivided half interest to Coll upon his doing certain planting and other work on the land and cultivating it for a period of years; also, that this contract was modified by a later contract regarding the work to be done by Coll and the time within which it was to be done. It is further gathered from the briefs that default in payments of both interest and principal under the plaintiff's original contract had continued for several years.

The oral testimony printed in the brief of the appellant appears to have been introduced to overcome contrary evidence apparently produced by the plaintiff to the effect that there was no foundation for a claim of Coll that the plaintiff had agreed with him about a year before the suit was brought that conveyance would be made to Coll if he would pay the unpaid balance under the original contract. It is stated that in his answer Coll offered to make the payment, and it is claimed both that there was such an agreement and a good tender on the part of Coll. The character of the only testimony presented for consideration here leads to the conclusion that the nonexistence of the claimed agree-

ment on the part of the plaintiff to convey to Coll was determined upon conflicting evidence.

It is claimed that Coll had performed the work required of him by his contracts with Mrs. Warner, and was entitled to a half interest in her contract, but it does not appear that any evidence was introduced upon the subject of his performance, neither does it appear that under his contract he could have acquired any claim against the plaintiff. No evidence is presented upon which the appellant's claim of subrogation may be based. From the meager statement in the appellant's brief there does not appear to be merit in the appeal.

The case is clearly within the rule which "exists in the statute, for the very purpose of compelling counsel to select from the record, and accurately present for convenient reference, those portions of the record which are necessary to a decision. The time which judges might consume in searching through the original transcript of a case is time taken from other cases that wait for attention." (*Tobey* v. *Randall, ante,* p. 292, [182 Pac. 771]; Code Civ. Proc., sec. 953c; *Scott* v. *Hollywood Park Co.,* 176 Cal. 681, [169 Pac. 379].)

[1] There is nothing in the contention that the plaintiff should have pursued some other remedy. The holder of the legal title to land may sue anyone claiming an interest adverse to him, and if the defendant in such a suit shows by proper pleading and proof an equitable right to conveyance of the legal title, in the exercise of its chancery powers, the court may grant the proper relief. (Code Civ. Proc., sec. 738; *United Land Assn.* v. *Pacific Imp. Co.,* 139 Cal. 371, [69 Pac. 1064, 72 Pac. 988]; *Mills* v. *Rossiter Eureka Mfg. Co.,* 156 Cal. 167, [103 Pac. 896].) [2] Upon this appeal it does not appear that the defendant proved any equity in himself.

The judgment is affirmed.

Langdon, P. J., and Haven, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 18, 1919.

All the Justices concurred.