[Civ. No. 6266. First Appellate District, Division One.—November 2, 1928.]

HILMA CARP, Appellant, v. AUGUST CARP, Respondent.

J. Logan Beamer and Henry L. Ford for Appellant.

J. F. Coonan for Respondent.

CAMPBELL, J., *pro tem.*—Plaintiff in her complaint alleges three causes of action. ■ The first cause of action is to set aside an interlocutory decree of divorce granted to August Carp, defendant herein and plaintiff in the divorce action, on the ground of ignorance of the fact that she was served with summons in such divorce action. She admits the delivery to her of the summons and copy of the complaint, but claims that "by reason of her state of mind as aforesaid plaintiff did not think of and did not recall the delivery of said paper writings upon her, as aforesaid, and did not connect the same with the relations between herself and her husband, and did not know that an action for divorce was pending by the parties hereto, but believed that said paper writings concerned said property and the said Selma Aster." Defendant in his answer denies these facts alleged, and as a separate defense alleges that after the interlocutory decree had been granted the appellant here has served affidavits praying for an order to set aside the interlocutory divorce decree upon the identical grounds set up in this action; that such motion was duly heard upon affidavits and that on June 8, 1923, the superior court of Humboldt County, California, rendered its judgment and decision therein, denying the motion to set aside and vacate such interlocutory decree; that the decision of the court on such motion to set aside the interlocutory decree was duly entered in the minutes of such court and thereupon became, ever since has been, and now is a judgment between said parties on the issues therein involved and involved in this action. The court found and the record sustains such finding "that the allegations of the first and second separate answers and defenses to said first cause of action in said amended complaint are true, and that each and every of them is supported by the evidence." The appellant does not attack this finding, which of itself is sufficient to support the judgment (Code Civ. Proc., sec. 1908; *Lake* v. *Bonynge,* 161 Cal. 120 [118 Pac. 535]; 15 R. C. L. 975).

But aside from this the court found the allegation of plaintiff's complaint above quoted to be untrue. This finding is supported by the testimony of Wiking Carp, plaintiff's son, Joe Miller, and M. Challman, each of whom testified that before the time allowed to answer the complaint he read the summons to her. Miller testified that he told her "they were a divorce summons," and Challman testified he told her "that was a summons for Mrs. Carp to prove the charges brought against her in the divorce suit by Mr. Carp," and further: "Well, I told her. I told Mrs. Carp she had so many days left to appear, but I don't remember exactly how many days it was."

The second cause of action alleges that on February 5, 1923, five days after the filing of the divorce suit, plaintiff made a property agreement with defendant; that defendant terrorized her into making this settlement and also into executing the deed which is the subject of the third cause of action, and further that she was in ill health and did not know what she was doing. The court found against appellant and in favor of respondent on these allegations. The evidence amply sustains the court's findings. The agreement was made in the office of attorney J. F. Coonan. Present part of the time were Coonan, appellant, respondent's brother-in-law, Branston, and appellant's sister. Part of the time appellant's attorney, Irwin Quinn, was there. Attorney Coonan testified: "So I took that old agreement and read it paragraph by paragraph to Mr. Branston. . . . Now I understood Mr. Branston represented Mrs. Carp, and I considered myself as acting for both parties. . . . Now every paragraph of this contract was read to Mr. Branston, and I had Mr. Branston restate each paragraph to Mrs. Carp, every one." The testimony of Irwin T. Quinn, appellant's attorney at the time, sustains Mr. Coonan. He testified that the agreement was fully discussed in his office; that he went over all the items with appellant; that he had certain changes made in the agreement.

It appears that the agreement was discussed, each side being represented by an attorney; that appellant was aided by her sister and Branston, who explained each detail to her. We fail to see how under the circumstances there could be fraud in the execution of the agreement or deed. At the utmost all that appellant can claim is that there is

a conflict in the evidence, the decision on which by the trial court is binding on this court.

There is no merit in appellant's contention that the court erred in not granting plaintiff's motion for judgment on the pleadings.

The appeal is taken under section 953c of the Code of Civil Procedure, which requires the parties to print in their briefs or in a supplement appended thereto such portions of the record as they desire to call to the attention of the court. This requirement has not been complied with, as appellant in the main has reproduced in her brief only her version of the testimony in a condensed narrative form, giving but a few extracts from the record itself. In this condition of the record we are not required to make more than a cursory examination of the typewritten record on file (*O'Rourke* v. *Schellenger*, 169 Cal. 271 [146 Pac. 633]; *Estate of Keith*, 175 Cal. 28 [165 Pac. 10]). We have, however, examined the record sufficiently to conclude that there is ample evidence to support the findings of the trial court.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.