[Civ. No. 8054. First Appellate District, Division Two.—November 10, 1931.]

EDWIN LARSON, Respondent, v. A. S. ABDUN–NUR, Appellant.

Halverson & Halverson for Appellant.

Crail, Shutt, Penprase & Miller and Edward A. Penprase for Respondent.

STURTEVANT, J.—The plaintiff sued the defendant to collect rent. The defendant answered and filed a counter-claim. From a judgment in favor of the plaintiff the defendant appealed under section 953a of the Code of Civil Procedure.

The defendant claims the court erred in awarding judgment for the full amount of the accrued rent as of the date of the trial. He claims that for at least a part of the time the plaintiff could have rented the premises to another party and that it was his duty to have done so and thus reduce the amount of the damages. But the point was not presented in the trial court. During the trial both parties stipulated that if any rent was due that then it was agreed that the plaintiff was entitled to recover for the period of two years and that a supplemental pleading might be filed which would bring the plaintiff's claim down to date of the trial.

There were two trials. On the first trial testimony was given by Miss Clorin. The second trial commenced on Monday, December 2, 1928. On December 6, 1928, the court

had taken up surrebuttal. While so engaged the defendant offered to read the testimony of Miss Clorin given on the first trial. The defendant testified that he was informed Miss Clorin left Los Angeles on Saturday, November 30, 1928. Asked if she did not leave on Tuesday, December 3, 1928, he said he did not know, she was supposed to have left on Saturday. The defendant's attorney stated he had not placed a subpoena in the hands of the sheriff, but in the hands of the defendant's brother. No showing was made of any attempt to serve it. There was no error in the order refusing the defendant permission to read the testimony given at the former trial.

In his brief of thirty pages defendant states some of the evidence contained in a transcript containing over 700 pages. The burden of his statement is that he seems to contend that the trial court should have made findings in his favor on some of his allegations of fraud and that at least some of the findings, in favor of the plaintiff which found defendant's allegation of fraud not to be true, are not sustained by the evidence. Be that as it may the defendant has not specified the finding and has not quoted the evidence nor given us such references as will enable us to ascertain the facts. This court cannot undertake to read a transcript of such proportions for the purpose of discovering possible failures of proof or to group and allocate the testimony to show that an allegation was proved. (*Scott* v. *Hollywood Park Co.*, 176 Cal. 680 [169 Pac. 379].) On the other hand, the plaintiff, in his brief, undertakes to specify the findings so attacked by the defendant and to show that there was evidence in the record supporting each finding so attacked. The reply seems to be sufficient. To that brief the defendant made no reply. We assume he was not able to contradict the plaintiff.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.