[Civ. No. 8510.   Third Dist.   Oct. 28, 1955.]

JAMES A. BAUCUM et al., Appellants, v. LEE J.
LeBARON et al., Respondents.

Pugh & Webster, Stanley Pugh and Donald B. Webster for Appellants.

Rawlins Coffman for Respondents.

PEEK, J.—Plaintiffs sought to quiet their title to certain land in Tehama County, alleging that defendants claimed certain easements thereon.   Defendants' cross-complaint admitted their claim and set forth two causes for affirmative relief.   The first sought reformation of the deed by which

they claimed title to the easements in question, and the second prayed that their title to the easements be quieted. The judgment of the court quieted plaintiffs' title and further adjudged that defendants were the owners of the easements in question. Plaintiffs now appeal from the latter portion of that judgment.

The record shows that on January 6, 1948, one Clendenning and his wife conveyed to defendants an undivided one-half interest, and to K. W. Dayton and his wife, the predecessors in interest to and grantors of the plaintiffs, the remaining one-half interest of the property here in question. On July 26, 1948, by an exchange of deeds defendants and the Daytons partitioned said property and endeavored to reserve certain rights of way as driveways over the property so divided. To obtain descriptions of the property from which to prepare the deeds, they secured the services of a land surveyor who, at the trial, testified to the instructions given him and the intentions of the parties as expressed to him. The defendants as well testified concerning the arrangements between themselves and the Daytons and produced a memorandum made at that time. Thereafter the Daytons sold their portion of the land to the plaintiffs by deed dated February 6, 1950. The deeds of July 26, 1948, by which the Daytons conveyed to the defendants their portion of the land contained a clause reserving a strip of land 40 feet in width across the property for a driveway. The easements assumed to have been created by the 1948 deeds have been in continual use by the Daytons, the defendants and the plaintiffs, together with the patrons of the businesses of each party since that date. Through error in the course call of the description, the particular reservation here in issue described a right of way over property other than that here involved. The essence of the surveyor's testimony was to the effect that the call should have read 82° 40' east instead of 89° 40' west. The subsequent deed of February 6, 1950, by which the Daytons conveyed their property to plaintiffs described the rights of way reserved by reference to the original deed.

Plaintiffs' first contention is predicated upon the primary rule in quiet title proceedings that one can recover only upon the strength of his own title rather than upon the weakness or lack of title in his adversary. They argue that findings I and II insofar as they purport to find in accordance with the evidence submitted by defendants that they are the

owners of the easements in question, could find support in the record only if the deed was reformed.

Where, as here, the pleadings put in issue a mutual mistake of the parties in framing and executing partition deeds, parol evidence is admissible. (*Booth* v. *Stow*, 38 Cal. App. 191 [175 P. 705].) Such deeds must be read and construed together as a single instrument in the light of the circumstances attending the execution in order to carry into effect the intent of the parties. (68 C.J.S., § 9(b), p. 16; *Drake* v. *Tucker*, 43 Cal.App. 53 [184 P. 502].) Furthermore, where a party to a quiet title action shows an equitable right to have the legal title conveyed to him, the court in the exercise of its chancery powers may grant the proper relief under section 738 of the Code of Civil Procedure. (*Noyes* v. *Huffman*, 41 Cal.App. 676 [183 P. 284].) And, finally, as the court said in *Hendershott* v. *Shipman*, 37 Cal.2d 190 [231 P.2d 481], "It is now well settled that the court may determine as between the parties in a quiet title action all of the conflicting claims regarding any estate or interest in the property." (P. 194.)

In their second contention plaintiffs urge preliminarily that the purported partition by the defendants and the Daytons of their common property was not effective to create the intended easement therein, since each partition deed should have been executed by all four of the cotenants rather than by the separate deeds of the Daytons and defendants. In other words defendants only owned an undivided interest in the property and hence they could not create an easement in the common estate against their cotenants. We again refer to the rule heretofore noted that under circumstances where the partition is made by mutual deeds they must be read together and construed as a single instrument in order to carry into effect the intent of the parties. The case of *Drake* v. *Tucker*, heretofore cited, presented a factual situation not wholly unlike the one now before the court. There the court in construing mutual deeds relative to certain riparian rights held that since both deeds were admittedly part of the same transaction, they had to be construed together. Viewing the present situation in light of the evidence and circumstances surrounding the transaction, a like conclusion must prevail here.

Plaintiffs' final contention is that the court erred in admitting evidence on the issue as to whether or not they were bona fide purchasers when they acquired their property.

Defendants in answer to plaintiffs' contention state that since there was an obvious mistake in the deed, which mistake was put in issue by the pleadings, and since the validity of the agreement was in dispute, under the provisions of section 1856 of the Code of Civil Procedure, such evidence was properly admitted. The trial judge who viewed the premises, in his memorandum of decision, noted that the deed from the Daytons to plaintiffs referred to the obvious error in the description; that plaintiffs had camped on or near the property prior to their acquisition thereof; that they had acquired a motel within a short distance of the property and established their residence there at or about the same time; that the evidence showed the property was used for fishing camps, docking facilities and small businesses; that to facilitate the use of the property as such, plaintiffs' predecessors had built a roadway along the reserved strip; and that plaintiffs could not on the one hand rely upon a right of way given their grantors and not honor a right of way reserved to the defendants by the deeds which arose out of the same transaction. Furthermore plaintiffs, according to the testimony, acknowledged the existence and use of the easement in question.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.