[Sac. No. 3500. In Bank.—August 6, 1926.]

YUBA INVESTMENT COMPANY (a Corporation), Re-spondent, v. YUBA CONSOLIDATED GOLD FIELDS (a Corporation), Appellant; MARIGOLD DREDG-ING COMPANY (a Corporation), Intervener and Re-spondent.

[1] LAW OF THE CASE—APPLICATION OF—RULE.—When the judgment or determination of an appellate court is rendered on a certain state of facts it ceases to be of binding force if the material facts presented upon a subsequent appeal are essentially different or if on a second trial there are material changes in the pleadings or in the evidence; but if there be no material change in the plead-ings and the material facts appear under essentially the same circumstances as on the former appeal, the doctrine of the law of the case applies.

[2] ACTION TO QUIET TITLE—PURPOSE OF—ADVERSE CLAIM.—An action to quiet title is for the purpose of determining any adverse claim that may be asserted by the defendant to the lands in controversy.

[3] ID.—CONSTRUCTION OF DEED—ISSUES—FORMER DECISION ON APPEAL. In an action to quiet title to certain land conveyed to the United States for a settling basin to clear the waters of a river of detri-tus caused by hydraulic mine dredging, where the supreme court on a former appeal properly held that the deed was free from ambiguity and that a reservation in the deed of the precious metals in the land necessarily reserved the right to extract and remove the same, that plaintiff's right of possession of the land and to the rents and profits therefrom was also reserved unto it until demand had been made therefor, that the dumping privileges ac-quired by the defendant did not merge in the fee acquired from the United States, and that said dumping rights extended only to what was reasonably necessary for mining operations on a certain portion of the land, the only issue of fact before the court on a retrial was as to the extent to which the defendant's dumping rights had survived, and evidence offered by the defendant which was intended to detract from the plaintiff's other rights under the deed, as declared by the supreme court on the former appeal, was properly excluded by the trial court.

[4] ID.—POSSESSION OF LAND—RENTS AND PROFITS—DEMAND FOR POS-SESSION.—Where it was held on the former appeal in said case that under proper construction of said deed the plaintiff was en-titled to possession of the land in controversy and to the rents and

1. See 2 Cal. Jur. 944; 2 R. C. L. 223.
2. See 22 Cal. Jur. 104; 5 R. C. L. 643.

profits thereof until "demand" therefor had been made by the defendant, the word "demand" was used in the sense of "notice requiring surrender of possession," and plaintiff was entitled to possession of the land and to the rents and profits thereof until such notice was given, and no right to possession or to the rents and profits accrued to the defendant prior to such notice.

[5] ID. — RIGHT TO REMOVE METALS — LACK OF DAMAGE. — In such a case, where the plaintiff had the right to remove the precious metals from said lands, it had the right by contract to vest another with the same right, and the latter was not liable to the defendant for damages for withholding and dredge-mining the land.

---

(1) 4 C. J., p. 1093, n. 77, p. 1095, n. 78, p. 1101, n. 21.    (2) 32 Cyc., p. 1342, n. 49.    (3) 4 C. J., p. 1227, n. 55, p. 1242, n. 53. (4) 18 C. J., p. 351, n. 42.    (5) 18 C. J., p. 479, n. 65 New.

APPEAL from a judgment of the Superior Court of Yuba County. Eugene P. McDaniel, Judge. Affirmed.

The facts are stated in the opinion of the court.

Charles W. Slack, Edgar T. Zook and W. H. Carlin for Appellant.

Sullivan & Sullivan and Theo. J. Roche and J. E. Ebert for Respondent.

Devlin & Devlin for Intervener and Respondent.

SHENK, J.—This is an action to quiet title. Both the plaintiff and the defendant deraign title through a common source. Judgment in favor of plaintiff at a former trial was reversed (*Yuba Inv. Co.* v. *Yuba Consol. G. Fields*, 184 Cal. 469 [194 Pac. 19]). Upon a retrial judgment was again rendered in favor of the plaintiff from which the defendant appeals, presenting the record in a bill of exceptions.

By Act of Congress of March 1, 1893, the California Debris Commission was created. The purpose of its creation among other things was to make examinations and surveys along the tributaries of the Sacramento River in order that the storage of mining and other debris might be provided for. During the year 1900 the commission desired to acquire certain lands in Yuba County owned by James O'Brien and others for a settling basin to clear the waters

of the Yuba River of detritus caused by hydraulic mine dredging and to prevent the detritus from finally reaching the Sacramento River and obstructing its navigable channel. To that end O'Brien, under date of December 6, 1901, executed a deed of conveyance to the United States of America of certain lands in Townships 15 and 16 north, Range 5 east, M. D. B. & M. The deed described the lands in three parts. The lands first described are called the South Settling Basin and include the lands in controversy located in sections 4, 5 and 8 in Township 15 and are 1,000 acres and more in area. The lands secondly described comprise some 800 acres lying between the official banks of the Yuba River and are called the North Settling Basin. The lands thirdly described comprise and are called "Dredging Ground" or the "442 acre tract." For a more extended outline of the terms of said deed reference is made to the opinion of this court on the former appeal. The lands in controversy were acquired by the federal government for the purpose of establishing a settling basin, but as time went on the plans of the federal authorities were changed and the said lands were not used for that purpose. For the reason that said lands were no longer needed by the federal government for the purpose intended or for any purpose they were offered for sale and were described in a deed dated October 30, 1911, purporting to convey the same from the United States to the defendant Yuba Consolidated Gold Fields, a corporation.

A deed dated April 10, 1912, described and purported to convey the said lands from James O'Brien to the plaintiff Yuba Investment Company, a corporation. On April 12, 1912, this action was commenced. The litigation involves mainly the construction of the deed from O'Brien to the United States dated December 6, 1901. As the pleadings were framed and the proof offered on the first trial the plaintiff proceeded on the theory that it was the owner of said lands in fee simple under the deed of grant from O'Brien dated April 10, 1912; that the deed of December 6, 1901, from O'Brien to the United States conveyed to the latter an easement only; that as the purpose for which the easement was created had not been accomplished, and as the plan of establishing a settling basin on said lands had been abandoned, the easement no longer existed. In order to

prove its case on that theory the plaintiff produced evidence · of circumstances surrounding and transactions leading up to the execution of said deed as tending to show that it was the intention of the parties that the fee was not to be conveyed but an easement only created. This proof was necessarily offered and received on the supposition that the deed was ambiguous or uncertain in its terms and required judicial construction and the aid of extrinsic evidence to ascertain the intention of the parties. The theory advanced on behalf of the defendant was that the title to the land in fee simple was transferred by O'Brien to the United States; that the original deed was plain and certain and that parol evidence was inadmissible for the purpose of limiting or qualifying the estate thereby created and that as the grantee of the United States the defendant was possessed of the title in fee. At the former trial the defendant objected to the introduction of evidence of circumstances surrounding and negotiations leading up to the execution of the original deed. The court overruled the objection and in the light of the evidence thus admitted the court rendered its judgment to the effect that the plaintiff was the owner in fee simple of the lands in question; that the deed of December 6, 1901, intended to and did confer upon the United States and that the United States intended to an did acquire only the right to an easement to use and the privilege of using said real property for the purpose of constructing thereon and using the same as a settling basin, and that the defendant had no right, title or interest in said real estate except the right to deposit thereon detritus resulting from dredging operations on the 442-acre tract as provided for in said deed.

On the former appeal this court decided, in accordance with the defendant's contention, that the deed from O'Brien to the United States conveyed the fee and that parol evidence was inadmissible to explain its terms or aid in its interpretation for the reason that its provisions were clear, plain and unambiguous. It was also decided on conflicting claims of the parties that the reservations in that deed of the precious metals in the lands therein described necessarily included the incidental right on the part of the plaintiff to extract such precious metals and to such possession of the premises as was necessary to the full enjoyment of that right so long as its exercise did not interfere with the plans and

purposes of the United States. It was also decided that although under the deed the defendant had the right to deposit on the lands of the plaintiff the detritus resulting from dredging operations on the 442-acre tract, the said right of deposit was limited to the reasonable necessities of the defendant in connection with its dredging operations on that tract. It was also decided that the defendant's claim for compensation for the rents and profits of the lands in question as alleged in its cross-complaint was without merit for the reason that it had not been shown that the United States or its grantee, the defendant herein, had ever demanded possession as a prerequisite to its right to compensation.

In preparation for the second trial the plaintiff amended its complaint to conform to the determinations of this court on the former appeal. The defendant amended its answer and filed an amended and supplemental cross-complaint in which it again set forth its claim for rents and profits from the twelfth day of April, 1912, and alleged that any demand on its part for the possession of the premises or for the rents and profits thereof would have been refused by the plaintiff and would have been useless.

On the second trial the court adhered closely to what it deemed to be the law of the case as established on the former appeal. It ruled that by reason thereof the only issue for determination on the retrial was whether the servitude existing in favor of the defendant to deposit detritus from its dredge mining operations on the 442-acre tract should still be imposed upon the lands in controversy, in view of the holding of this court that the defendant was limited in the imposition of said servitude to its reasonable requirements. Accordingly the trial court received evidence in support of the allegations of the amended complaint which evidence was substantially the same as that produced by the plaintiff on the former trial, excepting, however, the evidence of circumstances surrounding and negotiations leading up to the execution of the original deed. In harmony with its conception of the law of the case the court excluded evidence offered in behalf of the defendant the purpose of which was to show that it was the intention of the parties to the original deed that the reservation to the grantor of the precious metals in the lands in controversy did not include the right to extract and remove the same. It also excluded

evidence offered by the defendant, the purpose of which was to show that the dredge mining of the land in controversy was inconsistent with the use of said lands for the purpose of a settling basin. It likewise excluded evidence to show that the defendant had been damaged by the withholding on the part of the plaintiff of certain of the lands in question.

It is the contention of the defendant that the trial court extended the doctrine of the law of the case beyond the point warranted by the decision of this court on the former appeal. It is earnestly insisted that the only issue before this court on that appeal was as to whether the deed of December 6, 1901, conveyed the fee or an easement; that the issue of the right of the plaintiff to extract and remove the gold from the lands in controversy and the further issue of the defendant's dumpage rights were not' involved in the former appeal and that, therefore, the declarations of this court relating to those matters do not constitute the law of the case. On the other hand, it is the contention of the plaintiff that the controlling issues of the controversy were before the court on the former appeal and it but remained on the retrial to determine, as a question of fact, the reasonable necessity of the continuance of the defendant's dumpage privileges.

[1] We are satisfied that the position taken by the plaintiff and by the trial court should be sustained. There is no dispute between the parties as to what legally constitutes the law of the case. It is only upon the application of the established rules to this particular case that their argument diverges. It is well settled that when the judgment or determination of an appellate court is rendered on a certain state of facts it ceases to be of binding force if the material facts presented upon the subsequent appeal are essentially different or if on the second trial there are material changes in the pleadings or in the evidence. In either case the decision on the former appeal would not be binding on the second appeal as the law of the case. Conversely, if there be no material change in the pleadings and the material facts appear under essentially the same circumstances as on the former appeal the doctrine of the law of the case does apply (2 Cal. Jur. 944 et seq., and cases cited).

[2] With the foregoing rules in mind it is remembered that the present action is one to quiet title. Such an action, as authorized by statute (sec. 738, Code Civ. Proc.), is brought by the plaintiff for the purpose of determining any adverse claim that may be asserted by the defendant in and to the lands in controversy. "The object of the action is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to" (*Peterson* v. *Gibbs,* 147 Cal. 1, 5 [109 Am. St. 107, 81 Pac. 121]). While it appears that the pleadings herein were amended to conform to the determinations of this court on the former appeal it is obvious that such amendments did not change the form of the action as an action to determine adverse claims nor were the amendments necessary in order that the rights of the parties be fully considered and their claims be fully settled on the retrial.

[3] On the former appeal it was decided that the terms. of the deed of December 6, 1901, were plain and unambiguous and that parol evidence was for that reason inadmissible to add thereto or detract therefrom or to indicate the intention of the parties. (Sec. 1856, Code Civ. Proc., sec. 1625, Civ. Code; *Beall* v. *Fisher,* 95 Cal. 568 [30 Pac. 773]; *Riley* v. *North Star Mining Co.,* 152 Cal. 549 [93 Pac. 194]; *Fitzgerald* v. *County of Modoc,* 164 Cal. 493 [44 L. R. A. (N. S.) 1229, 129 Pac. 794].) It is true that the main contention at the former trial was as to whether the deed conveyed the fee or an easement, but the other issues were inherent in the action and were discussed. It was specifically stated by this court on the appeal that in view of the necessity of a retrial the rights and claims of the parties, under what were necessarily deemed to be the plain and unambiguous terms of the deed, should be stated. The court, therefore, proceeded to and did declare the rights of the parties under the deed. After a careful examination of the record on the former appeal and a careful consideration of the contentions made by the parties on that appeal, including those made by the defendant in its petition for a rehearing, it must be said that this court was justified in considering that the terms of the deed relating to the right of the plaintiff to remove the precious metals from said lands and relating to the plaintiff's right of possession and relating to the extent

of the dumpage privileges of the defendant were so plain and certain as not to be subject to modification by parol evidence. The court therefore held, as matter of law appearing on the face of the deed, that the reservation to the plaintiff of the precious metals in the lands in controversy necessarily reserved to it the right also to extract and remove the same; that the plaintiff's right of possession of the land and to the rents and profits therefrom was also reserved unto it until demand had been made therefor; that the dumping privileges acquired by the defendant did not merge in the fee acquired from the United States, and that said dumpage rights extended only to what was reasonably necessary for its mining operations on the 442-acre tract.

With the foregoing determinations before us the conclusion seems impelled that the only issue of fact before the court on the retrial was as to the extent to which the defendant's dumpage rights had survived. On this issue the court found on competent and sufficient evidence that the said rights had been reduced to nothing by reason of the practical completion of all possible mining operations on the part of defendant on the 442-acre tract. It would then be apparent that the evidence offered by the defendant which was intended to detract from the plaintiff's other rights under the deed as declared by this court on the former appeal was properly excluded by the trial court. In this state of the case it would necessarily follow that the admissible evidence, with the one exception noted, was substantially the same on the second trial as on the first.

[4] It was decided on the former appeal that under a proper construction of the language of the O'Brien deed the plaintiff was entitled to the possession of the lands in controversy and to the rents and profits thereof until "demand" therefor had been made by the defendant, and it appeared that no such demand had been made. By amended pleadings the defendant averred that such a demand, if made, would not have been complied with and would have been useless. It is contended that this averment was admitted by the plaintiff by its failure to deny the same; that the "demand" referred to in the former decision must, therefore, be deemed to have been waived and that in any event the court should modify the judgment herein so as to allow the defendant the rents and profits established

by the evidence from the twelfth day of April, 1912, to the sixth day of December, 1920. Prior to the last-mentioned date the possession of the premises was surrendered to the defendant with the exception of such possession as was necessary to carry on the mining operations of the plaintiff. Many cases are cited by the defendant to the proposition that a demand is deemed waived when it is alleged and proved or admitted that such demand if made would not have been complied with and would have been useless. Such undoubtedly is the law in cases where it is properly applicable, but in the case at bar it has no application. In holding that under the reservations contained in the O'Brien deed the plaintiff was entitled to retain possession of the land and the rents and profits thereof until demand for the same should be made, it is obvious that the term "demand" was used in the sense of "notice requiring surrender of possession." Under the reservations contained in the deed the plaintiff was entitled to the possession of the land and to the rents and profits thereof until such notice was given and no right to possession or to the rents and profits accrued to the defendant prior to such notice. The trial court, therefore, properly denied the relief which the defendant sought on this branch of the case.

[5] Subsequent to the decision of the court on the former appeal the plaintiff entered into an agreement with the intervener, Marigold Dredging Company, a corporation, pursuant to which the intervener agreed to remove the precious metals from certain lands in the South Settling Basin. Under this agreement the intervener dredge mined the lands in a portion of section 5 within said basin. By its complaint in intervention the intervener sought to make common cause wth the plaintiff and against the defendant in the litigation. In its cross-complaint the defendant claimed damages against the intervener for the alleged wrongful withholding and dredge mining of the said lands. The trial court excluded evidence of said alleged damages and its ruling is specified by the defendant as error. It cannot be so regarded. The plaintiff had the right to remove the precious metals from said lands and no good reason has been advanced by the defendant why the plaintiff could not by contract vest the intervener with the same right. In its answer to the plaintiff's amended complaint the defendant

alleged that the intervener had notice and knowledge, at and prior to the date of said agreement, that the defendant claimed that the plaintiff had no right to extract the precious metals from the lands in the South Settling Basin without the consent of the defendant. Notwithstanding the recital in the agreement of the pendency of this action and in general the issues involved the court found said allegation to be untrue. This finding, as urged by the defendant, is unsupported by the evidence, but this we deem unimportant and not prejudicial to the rights of the defendant for the reason that the intervener had the right to acquire, with full knowledge of the defendant's claim, the same rights to dredge mine the said lands as the plaintiff itself possessed. The advent of the intervener in the litigation created no issues not involved or determinable as between the original parties to the action.

Numerous other points are made by the parties, but in view of the conclusions above expressed we deem further notice of them unnecessary.

The judgment is affirmed.

Seawell, J., Curtis, J., Richards, J., Lennon, J., and Waste, C. J., concurred.