[L. A. No. 11143. In Bank.—June 19, 1931.]

C. D. WARDEN, as Administrator, etc., Appellant, v. GEORGE M. HARKER et al., Respondents.

J. Everett Brown for Appellant.

George M. Harker, *in pro. per.*, and H. J. Brady for Respondents.

LANGDON, J.—This is an action to quiet title. The plaintiff claimed title through a deed of the treasurer of Los Angeles County. The said deed was given in pursuance

of a sale of the property under the 1913 Street Improvement Act (Deering's Gen. Laws 1923, Act 8205) for failure of the owner to pay a delinquent bond issued on an unpaid assessment. Defendant, the owner of the property since 1910, contested the title of plaintiff on the ground that the sale proceedings were defective and the resulting deed consequently invalid. The trial court found that there had been a failure to comply with the statutory provisions on the notice of sale, notice to redeem, time and place of sale, etc.; and that in several other particulars the proceedings were improper; and that the deed was void. Judgment was therefore rendered in favor of defendant.

Plaintiff contends on appeal that the court erred in failing to find that he had a lien on the property for the amount of the assessment which he had paid at the time of the sale. No authority supporting this contention is offered, and neither the pleadings nor the evidence at the trial raise such an issue. Plaintiff in his complaint alleged that he was the owner of the property; and he did not amend to claim a lien, nor did he make the point in presenting his case. At all times he stood on his claim of title, and refused the tender made by defendant both before and during the trial, of the amount expended by plaintiff, which sum now forms the basis of his contention on this appeal. In addition, it seems obvious that where the whole proceedings are invalid, no lien attaches to the property sold. Whether plaintiff might recover the amount he paid in an action against defendant for that sum is, of course, not a question before us, and has no bearing on the question whether a lien against the property exists.

The other ground of appeal is that the trial judge was elected and qualified to serve in Tulare County, but that his assignment by the chairman of the judicial council to sit for a period in Los Angeles County was unconstitutional. The specific objection is that this practice violates the constitutional provisions on recall, in that the voters of Los Angeles County, not being his electors, cannot recall him. Admittedly, the voters of Tulare County could recall the judge, and the voters of Los Angeles County could not; but we are unable to perceive in what manner this affects the jurisdiction of a state officer, a judge of the superior court of the State of California, sitting in any county to

which he may be assigned by the chairman of the judicial council in pursuance of the Constitution of this state.

The judgment is affirmed.

Richards, J., Seawell, J., Shenk, J., and Preston, J., concurred.