[L. A. No. 11468.  In Bank.—March 15, 1932.]

C. D. WARDEN, as Administrator, etc., Appellant, v. I. C. RATTERREE et al., Defendants; M. J. McSHEA, Respondent.

J. Everett Brown for Appellant.

Marshall Stimson and Noel Edwards for Respondent.

WASTE, C. J.—This is an appeal by the plaintiff from a judgment entered in favor of the defendant McShea in an action to quiet title. The other defendants either filed disclaimers or the action was dismissed as to them. Plaintiff claims title through a deed of the treasurer of the city of Los Angeles, the deed having been given in pursuance of a sale of the property under the Street Improvement Bond Act of 1893 as amended (Deering's Gen. Laws, 1923, Act 8208), for failure of the owner to pay a delinquent bond issued on an unpaid assessment. The defendant McShea, as owner of the property, contested plaintiff's title on the ground the sale proceedings were defective and the resulting deed consequently invalid. The trial court made a general finding that plaintiff's deed is void, and accordingly gave judgment for defendant for his costs.

In support of his contention respondent points out: (1) That the notice of sale called for a sale at ''10 o'clock a. m.'' on May 27, 1925, whereas the certificate of sale and the deed thereafter issued state that the property was sold to the plaintiff on said date ''between the hours of 10 a. m. and 3 p. m.''; (2) that the date of the bond is not set forth in the treasurer's sale book as required by subdivision ''f'' of section 5 of the act; (3) that there is a variance between the deed, the treasurer's sale book and the certificate of sale regarding the cost of the certificate, the former reciting that the plaintiff bid in the property for $69.70, ''including fifty cents for certificate of sale'', whereas the latter two indicate that the property was purchased by the plaintiff for $69.70, including *one dollar* for the certificate of sale; (4) that the certificate of sale *improperly* states that the property was assessed to an ''unknown owner'', whereas the evidence shows that the treasurer had knowledge of defendant's ownership of the property and of his address; and (5) that the notice to redeem erroneously recites the amount due as of the *date* of the notice and not as of the time of the

*posting* thereof, as required by subdivision "j" of section 5 of the act.

Under the heading "the decision . . . is not justified by the evidence", the plaintiff confines his defense of the sale proceedings, under which he claims title, to the fourth ground of attack set out above, and urges that the statement in the certificate to the effect that the property was assessed to an "unknown owner" is not fatal to the validity of such sale. ■ Assuming this to be so, a point we need not decide, the deed under which plaintiff claims title would still be void because of the failure of the city treasurer to strictly comply with the provisions of the act in other particulars mentioned. Subdivision "f" of section 5 of the act provides that before delivering a certificate of sale the treasurer shall enter in a book kept for that purpose, which shall be open to public inspection, "the *date,* number and series of the bond, a description of the land sold corresponding with the description of the certificate, the date of sale, purchaser's name, the amount paid. . . . " The *date* of the bond was not entered in the treasurer's "sale book" as required. The entry of the date of the bond is essential for it informs all persons interested in the property as to the law which governs the sale. It is the law in effect as of the *date* of the bond which fixes the requirements for a valid sale. (*Chapman* v. *Jocelyn,* 182 Cal. 294 [187 Pac. 962]; *Jeffreys* v. *Point Richmond Canal Co.,* 202 Cal. 290, 293 [260 Pac. 548].) "The maxim *de minimis* has no application in proceedings to transfer title by virtue of statutory proceedings for the enforcement of a tax. . . . In such proceedings no requirement of the statute can be disregarded. . . . The form required becomes substance, and must be strictly pursued or the deed will be held void." (*Simmons* v. *McCarthy,* 118 Cal. 622, 625 [50 Pac. 761]; *Levine* v. *Tulare Rec. Dist.,* 56 Cal. App. 52, 56 [204 Pac. 421].)

■ Contending that "the decision is against law" the appellant rather confusedly argues that as a condition to entering judgment for the defendant-owner, the trial court should have provided that plaintiff be reimbursed for all sums expended in buying in the property. The owner of property is required to reimburse a purchaser at a void tax sale only when such owner is afforded *affirmative* relief quiet-

ing his title as against the void tax deed or removing the cloud thereof. (*Holland* v. *Hotchkiss,* 162 Cal. 373, 375 [L. R. A. 1915C, 492, 123 Pac. 258]; *Knoke* v. *Knight,* 206 Cal. 225, 228 [273 Pac. 786].) In the present case the judgment merely declares plaintiff's claim of title to be invalid and decrees that he take nothing by reason of the action and that defendant recover his costs. Such was the form of the judgment in *Knoke* v. *Knight, supra,* in which this court held that the tax purchaser was not entitled to reimbursement for the expenses incurred in buying in the property. A provision for plaintiff's reimbursement had no place in the judgment here appealed from and was therefore properly omitted.

The further contention that the court below erred when it failed to decree that plaintiff was entitled to a lien upon the property until reimbursed, is answered by the reasoning in *Warden* v. *Harker,* 212 Cal. 775 [300 Pac. 965], wherein an identical contention, based on the 1913 Street Bond Act, was decided adversely to him.

It is next urged that the trial court "did not rule on the offer of defendant to proposed exhibit 'G' . . . and proposed exhibit 'H' . . . and not being in evidence defendant cannot use same to the detriment of plaintiff". This contention is utterly devoid of merit. Upon the presentation of defendant's case the plaintiff stipulated that he (defendant) might introduce in evidence photostatic copies of the records of the sale proceedings without identifying them and without producing the originals. Defendant's exhibits "G" and "H" went in under this stipulation and without specific objection from the plaintiff. Inspection of the reporter's transcript discloses that these exhibits were properly offered and received in evidence and they therefore constitute a part of the record on appeal.

What has already been said sufficiently disposes of plaintiff's final contention that he is entitled to a reversal and to findings and judgment in his favor.

The judgment is affirmed.

Curtis, J., Preston, J., Shenk, J., Seawell, J., and Langdon, J., concurred.