[L. A. No. 21227. In Bank. May 15, 1951.]

LOYAL L. HENDERSHOTT et al., Respondents, v. BEN-JAMIN W. SHIPMAN et al., Appellants.

Charles Murstein for Appellants.

John F. Bender and Gizella M. Allen for Respondents.

SHENK, J.—The plaintiffs sued to quiet title to a lot in the city of Los Angeles. The defendants Shipman answered and denied the validity of the plaintiff's alleged title. They admitted a claim of ownership in themselves. The judgment was that the plaintiffs were not the owners of the lot. The defendants appealed because the judgment also declared that the plaintiffs had a valid and subsisting lien on the property.

The appeal is on the judgment roll which discloses the following:

The plaintiffs commenced proceedings to foreclose a street improvement bond issued August 31, 1928, pursuant to the Improvement Act of 1911. On the termination of the proceedings the City Treasurer of Los Angeles issued to the plaintiffs a certificate of sale dated May 31, 1946. On July 7, 1947, the plaintiffs received a treasurer's deed to the property which was issued, however, without the filing of the affidavit showing service of notice on the owners as required by sections 6550 et seq. of the Streets and Highways Code.

The plaintiffs' claim of title was based on the validity of the sale proceedings and the treasurer's deed. The defendants did not seek to have the title quieted in themselves but rested on their denial of the validity of the plaintiffs' title and their allegations of ownership. The trial court concluded that the treasurer's deed of July 7, 1947, was void; that the plaintiffs were the owners of the certificate of sale issued May 31, 1946, which was a valid and subsisting lien upon the real property in the amount due on the bond; that the plaintiffs were not entitled to a judgment quieting title and that the defendants recover their costs. Judgment was entered

accordingly. The defendants question that portion thereof which declares that the plaintiffs are the owners of the certificate of sale and that the certificate and the amount due thereon constitute a lien against the property.

It is contended by the defendants that the findings of fact and conclusions of law respecting the certificate of sale were not within the issues; that the findings and conclusions as to the treasurer's deed disposed of all the triable issues; that the defendants did not seek affirmative relief and hence should not be obligated to reimburse the plaintiffs in the amount due on the bond.

The defendants apparently misapprehend the effect of the judgment. ■ It is true that in an action to quiet title a provision for reimbursement of a lienholder by the prevailing party is proper only when the latter has sought a judgment quieting title in himself. (*Warden* v. *Ratterree*, 215 Cal. 215 [9 P.2d 215, 86 A.L.R. 1204]; *Newcomb* v. *City of Newport Beach*, 12 Cal.2d 235, 237-239 [83 P.2d 21]; *Jones* v. *Walker*, 47 Cal.App.2d 566, 571 [118 P.2d 299]; *Roma* v. *Elbert, Ltd.*, 73 Cal.App.2d 338 [166 P.2d 294].) ■ This result flows from the rule that one seeking such equitable relief must satisfy the equitable claims of the opposing party. (*District Bond Co.* v. *Pollack*, 19 Cal.2d 304, 307 [121 P.2d 7] and cases cited; *Roma* v. *Elbert, Ltd., supra*, 73 Cal.App.2d at 341-342.) ■ The defendants sought no affirmative relief. They elected to stand on their legal defenses and to resist the plaintiffs' claim of title without asking for a declaration quieting their own title as against any claims of the plaintiffs which might necessitate a tender of the amount due on the bond. The judgment contained no provision for reimbursement as a condition thereof. The omission was a recognition by the trial court that the condition would not have been proper. (*Cf. Holland* v. *Hotchkiss*, 162 Cal. 366 [123 P. 258, L.R.A. 1915C 492]; *Moyer* v. *Wilson*, 166 Cal. 261 [135 P. 1125].)

■ The principal effect of the judgment is to leave the parties where they were before the treasurer's deed was issued. Section 6570 of the Streets and Highways Code provides that if a copy of the certificate of sale is transmitted as required, a suit or proceeding to question the validity of the certificate of sale shall be barred unless commenced within one year after the date of sale. The certificate of sale was issued on May 31, 1946. The action was commenced on July 16, 1947.

Thereafter the defendants by the denials and allegations of their answer attacked the validity of the sale and the deed. ██Therefore the validity of the certificate of sale as well as of the treasurer's deed was within the issues, and it must be assumed in the absence of a transcript of the trial proceedings that all issues respecting the validity of the certificate of sale and the deed were tried without objection. (*Baar* v. *Smith*, 201 Cal. 87, 98 [255 P. 827].) Likewise in the absence of a transcript of the evidence it must be assumed that there is no evidentiary or time factor upon or within which the defendants could successfully question the validity of the certificate of sale, and consequently the finding thereon must be deemed supported. ██ The trial court declared the validity of the certificate of sale and invalidity only as to the treasurer's deed. In such case section 6572 of the Streets and Highways Code indicates that the lien continues until a valid deed is issued but not for longer than two years after the deed was held void. It is assumed that the applicable law will govern in subsequent proceedings.

██ It is now well settled that the court may finally determine as between the parties in a quiet title action all of the conflicting claims regarding any estate or interest in the property. ██ The fact that the plaintiffs were not entitled to prevail on their claim of title in fee did not preclude the court from declaring a lesser interest. (*Peterson* v. *Gibbs*, 147 Cal. 1, 5 [81 P. 121, 109 Am.St.Rep. 107] ; *Yuba Inv. Co.* v. *Yuba Consol. Gold Fields*, 199 Cal. 203, 209 [248 P. 672] ; *Hurt* v. *Pico Inv. Co.*, 127 Cal.App. 106 [15 P.2d 203] ; *Bashore* v. *Mooney*, 4 Cal.App. 276, 280 [87 P. 553] ; see, also, *Sears* v. *Rule*, 27 Cal.2d 131, 149 [163 P.2d 443].) In the Hurt case, as also in *Bailey* v. *Cox*, 102 Cal. 333 [36 P. 650] and *Burns* v. *Hiatt*, 149 Cal. 617 [87 P. 196, 117 Am.St.Rep. 157], a mortgage lien was dealt with as a lesser interest in a quiet title action. The lien created pursuant to the Improvement Act of 1911 would similarly be a subject for equitable adjustment in a proper case.

The decisions in *Warden* v. *Harker*, 212 Cal. 775 [300 P. 965], and *Warden* v. *Ratterree*, 215 Cal. 215 [9 P.2d 215, 86 A.L.R. 1204], do not afford support for the defendants' case. In each the plaintiff sought to quiet title after the issuance of a treasurer's deed, in one pursuant to the 1913 Street Improvement Act, and in the other pursuant to the Street Improvement Bond Act of 1893. In each the defendant contested the plaintiff's title without asking for affirmative

relief. And in each the judgment was adverse to the plaintiff who was the appellant. In the first case the issue of the existence of a lien notwithstanding the invalidity of the sale proceedings and deed was neither tendered nor tried. The matter of the plaintiff's right of recovery in that respect was expressly left open. In the second case the contention that the plaintiff was entitled to a declaration of his lien interest was disposed of merely by reference to and citation of the first case.

The disposition of the contentions on the appeals in those cases where a possible lien of the losing plaintiff was not decreed can have no controlling influence here. ▮▮▮ In the absence of a decree granting affirmative relief, the parties are left to pursue whatever remedies may be open to them with respect to existing lien rights. The same result ensues from the determination and the lack of affirmative relief in the present case, since neither the judgment nor the declarations of this court may be deemed to foreclose the parties from pursuing whatever remedies are still open to them. What equities may then appear is not a matter for investigation at this time. Nor would it now be appropriate to resolve, in the absence of a transcript of the evidence, the contentions concerning the correctness of the amount of the declared lien because of possible varying rates of interest or penalties which are said to create advantages or disadvantages. The trial court in a proper case will be in a position to decide and adjust the equities.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellants' petition for a rehearing was denied June 14, 1951.