[Civ. No. 19881.   Second Dist., Div. One.   Apr. 15, 1954.]

LOYAL L. HENDERSHOTT et al., Respondents, v. BENJAMIN W. SHIPMAN et al., Appellants.

Charles Murstein for Appellants.

John F. Bender and Gizella M. Allen for Respondents.

WHITE, P. J.—In an action to quiet title to real property plaintiffs prevailed, and the defendants have appealed from the judgment. The cause was tried before the court, sitting without a jury. Plaintiffs' title was based upon a deed issued by the city treasurer of the city of Los Angeles after proceedings leading to a sale and the issuance of a certificate of sale upon an assessment levied upon the property pursuant to the Acquisition and Improvement Act of 1911.

This is the second action between the same parties involving the same property and the same assessment sale. In the first action the plaintiffs sued to quiet title based upon a deed from the city treasurer of Los Angeles and the defendants filed an answer but sought no affirmative relief. In the prior action it was adjudged that the deed of the city treasurer was void, but that the plaintiffs' certificate of sale was a valid and subsisting lien upon the property. Defendants appealed, and the judgment was affirmed by the Supreme

Court (*Hendershott* v. *Shipman,* 37 Cal.2d 190 [231 P.2d 481]). During the pendency of the appeal in the Supreme Court the plaintiffs applied to the city treasurer of Los Angeles and secured from him a second deed, and the present action to quiet title is based upon this second deed of the city treasurer of Los Angeles. In this second action, as in the first, defendants sought no affirmative relief, but rested their defense upon their denial of the validity of plaintiffs' title and their own allegations of ownership.

Upon the trial of the instant cause the plaintiffs introduced into evidence their second treasurer's deed and thereupon rested. The defendants then sought to introduce certain records of the office of the city treasurer of the City of Los Angeles, in an effort to attack the validity of the certificate of sale and the validity of the treasurer's deed. The proffered evidence was rejected.

█ The trial court properly ruled that no evidence could be received to impugn the validity of the certificate of sale as a valid and subsisting lien upon the property. In the appeal in the first action between these parties (*Hendershott* v. *Shipman, supra*), the Supreme Court, noting that the appeal was upon the judgment roll alone, stated that "the validity of the certificate of sale as well as of the treasurer's deed was within the issues, and it must be assumed in the absence of a transcript of the trial proceedings that all issues respecting the validity of the certificate of sale and the deed were tried without objection. (*Baar* v. *Smith,* 201 Cal. 87, 98 [255 P. 827].) Likewise in the absence of a transcript of the evidence it must be assumed that there is no evidentiary or time factor upon or within which the defendants could successfully question the validity of the certificate of sale, and consequently the finding thereon must be deemed supported. . . ." Any issue, therefore, as to the validity of the proceedings leading up to the sale and the issuance of the certificate of sale must be held to be res judicata.

█ With respect to the validity of the second treasurer's deed upon which plaintiffs' title rests, appellants urge that the court erred in excluding evidence offered "for the purpose of attacking the validity of the proceedings subsequent to the issuance of the certificate of sale and culminating in the issuance of the treasurer's deed," their position in this regard being that section 6571 of the Streets and Highways Code, as applied to them, is unconstitutional. The cited section, enacted as part of the Street Improvement Act of 1911

(§ 75) in 1937, and reenacted as part of the Streets and Highways Code in 1941, provides that "Any action, suit or proceeding attacking or contesting the validity of any deed issued under the provisions of this division, or the validity of the proceedings subsequent to the issuance of the certificate of sale, must be brought within six months after the issuance of the deed, and if the validity of the deed or of the proceedings is not contested within that six months' period, it shall not be thereafter contested or questioned in any action, suit or proceeding." Appellants rely upon authorities which state that a street assessment is a contract and the provisions of the statute in force at the time prescribing the manner of its enforcement are a part of such contract. Stated another way, appellants urge that since the original act under which the assessment was levied contained no time limitation upon their right to contest the validity of proceedings leading to a sale and the subsequent issuance of a treasurer's deed, their contract rights were fixed when the original street proceedings were taken, and could not thereafter be impaired under the guise of altering their remedy or limiting the time within which they could enforce their rights. The answer to this contention is found in the following language from *Rombotis* v. *Fink*, 89 Cal.App.2d 378, 386 [201 P.2d 588] :

"The answer to the argument that the law in existence at the time of the issuance of the bonds or levying of the assessment enters into and becomes an essential part of the contract, is that the rule contended for is subject to the long and well established exception that the parties have no vested right in a statute of limitation . . . ; that they contract in the light of the power of the Legislature to modify or change existing remedies or prescribe new modes of procedure, provided a substantial and efficacious remedy remains (*National Surety Co.* v. *Architectural Decorating Co.*, 226 U.S. 276 [33 S.Ct. 17, 57 L.Ed. 221]); that the time 'following the maturity of a cause of action allowed for commencing such action may be cut down by legislation subsequent to the contract . . . provided only that . . . reasonable time still remains.' (*Security-First National Bank* v. *Sartori*, 34 Cal. App.2d 408 [93 P.2d 863].) In the last cited case it was said: '. . . A common expression of the rule is that no one has a vested right in any particular allowance of time unless it has already run in his favor. That is as much as to say that, though his substantive right has been already created, he may be required by a change of statute to take affirmative action

to preserve and enforce it within a shorter time than would have been allowed him for so doing by the statute in force when his right came into being. By analogy, no reason would appear to exist why, since he may thus be required by legislation subsequent to the initiation of his right to actually bring action to enforce it within a shorter period, such subsequent legislation may not also, without being held to impair his right, require him to do something else, not unreasonably burdensome, to keep his right alive, such, for instance as the giving to the public of some reasonable notice of its continued existence. . . .''

Furthermore, it was said in *Schulman* v. *Shores,* 108 Cal. App.2d 156 [238 P.2d 664] (although not necessary to the decision), that objection to the introduction of evidence attacking the validity of the treasurer's deeds should have been sustained, because the six months' period within which the validity of the deeds could have been assailed (under Sts. & Hy. Code, § 6571) had expired.

More recently, in *Elbert, Ltd.* v. *Gross,* 41 Cal.2d 322 [260 P.2d 35], the constitutional question was directly presented, and it was held by the Supreme Court (1) that section 6571 applies as well when it sought to attack a treasurer's deed by way of defense to an action as when an action is brought directly attacking the validity of such a deed; (2) that such a limitation does not deprive the property owner of his property without due process of law (when proper notice has not been given the property owner of the purchaser's or lienholder's application for a deed), at least where the property owner is not the occupier of the property. (See also *McCaslin* v. *Hamblen,* 37 Cal.2d 196, 199 [231 P.2d 1].) The property involved herein is unoccupied and unimproved.

A further and distinct ground for affirmance of the judgment herein is that an examination of the record fails to disclose how the evidence proffered by defendants and rejected by the trial court could have supported a finding or judgment against the validity of the second treasurer's deed. The learned trial judge suggested that the defendants make an offer of proof in order to complete a suitable record on appeal. The defendants did not file a written statement or have read into the record a statement of what they proposed to prove, but made their offer by offering into evidence and having read into the record various documents from the files of the city treasurer of Los Angeles. In addition, there was put in evidence the record of the previous action between the parties.

A careful reading of the record presented to this court discloses that the evidence proposed to be introduced by defendants wholly fails to support any conclusion against the invalidity of the treasurer's deed, whether for lack of notice as prescribed by section 6550 of the Streets and Highways Code, or otherwise.

Appellants make the final point that respondents did not come into court "with clean hands" for the reason that they secured the issuance of the second treasurer's deed before the decision was rendered by the Supreme Court on the first appeal. There is no merit to this contention. Respondents merely acted diligently and with proper precaution, for the reason that section 6752 of the Streets and Highways Code provides that when a treasurer's deed is held void, the lien continues until a valid deed is issued, but not for longer than two years after the deed is held void. The judgment holding the first treasurer's deed void was entered on May 6, 1949. The decision of the Supreme Court on appeal from that judgment was rendered May 15, 1951. Respondents cannot be held to have acted in bad faith because they took the precaution of securing a second deed within two years after entry of the judgment instead of relying upon a possible ruling that the two-year period prescribed by statute commenced to run only when the judgment that the first deed was void became final by affirmance on appeal. Moreover, the record discloses that the second treasurer's deed was held in the office of the city treasurer and not delivered until the city treasurer had been advised that the decision of the Supreme Court had become final and the remittitur issued. Appellants' contentions in this regard lack substance.

For the reasons stated, the judgment is affirmed.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied May 10, 1954, and appellants' petition for a hearing by the Supreme Court was denied June 9, 1954.