[No. H036411. Sixth Dist. May 21, 2012.]

CHAO FU, INC., Plaintiff and Appellant, v.
WEN CHING CHEN, Defendant and Respondent.

## Counsel

Hinshaw & Culbertson, Edward F. Donohue, John T. Meno; Morgan, Franich, Fredkin & Marsh, William Siamas and Mark B. Fredkin for Plaintiff and Appellant.

Robinson & Wood and Hugh F. Lennon for Defendant and Respondent.

## Opinion

**PREMO, J.**—Plaintiff Chao Fu, Inc. (CFI), sued defendant Wen Ching Chen (also known as Dennis Chen) for wrongful foreclosure, quiet title, and related causes of action. The trial court granted Chen's motion for summary judgment (Code Civ. Proc., § 437c),[1] finding that the claims were barred by the compulsory cross-complaint statute (§ 426.30). We conclude that Chen failed to establish that section 426.30 bars this action as a matter of law. Accordingly, we shall reverse.

---

[1] Further unspecified section references are to the Code of Civil Procedure.

# I.  FACTS[2]

## A.  The $370,000 Note

CFI is a closely held corporation formed by Chung Mei Kuo, also known as Julia Kuo. One of CFI's investments was a 25 percent interest in real property located at 852–860 Villa Street in Mountain View (the Villa Street property).

Mali Kuo, Julia Kuo's sister, is CFI's secretary and helped manage the company's investment properties. From 1990 until about 1998, Mali Kuo was involved with Oran Chang in a variety of real estate and gaming investments separate from CFI. Either she or Chang borrowed money from Chen for these investments. When the investments did not pan out, Chen asked for his money back. In December 1997, Chang signed an unsecured promissory note for $370,000 in favor of Chen. Mali Kuo guaranteed repayment. The note was due December 31, 1998.

## B.  The Deed of Trust

By March 1998, Chen had become concerned about Chang's ability to pay and so he asked for collateral. Mali Kuo obtained permission from her sister to prepare a deed of trust on CFI's Villa Street property. Mali Kuo wanted to give Chang something he could show to Chen to assuage his concern about repayment. The deed of trust inadvertently named Chang (rather than Chen) as the beneficiary and purported to secure a promissory note in the amount of $250,000, which Mali Kuo believed to be the balance owed on the $370,000 note. Mali Kuo gave the deed of trust to Chang and told him not to have it recorded without advising CFI. Nevertheless, in May 1999, Chang assigned the deed of trust to Chen and Chen recorded it.

In December 2000, Julia Kuo moved to Brazil. Mali Kuo went to China the following year. On April 29, 2003, while both sisters were out of the country, Chen served a notice of foreclosure to CFI offices on Louis Road in Palo Alto. On May 23, 2003, Chen foreclosed on CFI's interest in the Villa Street property. Mali Kuo did not return from China until October 2003. According to Mali Kuo, she did not learn of the foreclosure until February 2004, when the co-owner of the Villa Street property told her that the Kuos' mother could not move into the property because Chen had foreclosed on CFI's interest.

---

[2] We take the facts from the record that was before the trial court when it ruled upon Chen's summary judgment motion. (*State Dept. of Health Services v. Superior Court* (2003) 31 Cal.4th 1026, 1034–1035 [6 Cal.Rptr.3d 441, 79 P.3d 556].) Unless otherwise noted, the facts recited are undisputed.

### C. *The* Bumb *Case*

On September 13, 2004, in a further attempt to collect on the $370,000 note, Chen sued Mali Kuo in a case entitled *Chen v. Bumb* (Super. Ct. Santa Clara County, 2006, No. 1-03-CV-817047; hereafter, the *Bumb* case). On October 1, 2004, Mali Kuo obtained a written assignment of claims from CFI. Specifically, CFI assigned to Mali Kuo "all of its right, title, interest, and standing to bring suit, to, in, and on, any and all claims and causes of action which it has against Chen, and any other persons or entities who may be liable to it, on any legal theory (whether in tort, contract, or otherwise) based upon any foreclosures, transactions, contracts, understandings, agreements, or other dealings between it and Chen." Mali Kuo paid $1,000 for the assignment; in turn, she was to receive 50 percent of any monetary damages she recovered. Mali Kuo then answered Chen's complaint and filed a cross-complaint against Chen alleging causes of action for wrongful foreclosure/slander of title, interference with prospective advantage, defamation, conspiracy, and unjust enrichment. As to the wrongful foreclosure cause of action the cross-complaint alleged that Chen "misused the Deed of Trust—which was still in his possession—to foreclose on the Villa Street property although he (a) was owed nothing on *any* note or under *any* agreement; and (b) was not owed anything under the only note connected with the Deed of Trust." Mali Kuo sought damages arising from the cloud on title, loss of rents and profits, and expenses incurred in efforts to recover property. She did not include a cause of action for quiet title or for declaratory relief.

Just prior to trial, Chen filed a motion in limine challenging Mali Kuo's capacity to prosecute the claim based upon the assignment from CFI. Chen pointed out that CFI's corporate powers were suspended and, therefore, that it had no power to pursue its own claims in court. Chen further argued that the assignee of a suspended corporation also lacks capacity. On October 7, 2005, the second day of trial, Mali Kuo dismissed, without prejudice, the cause of action for wrongful foreclosure and gave the assignment back to CFI.

### II. PROCEDURAL BACKGROUND

#### A. *The First Amended Complaint*

CFI commenced the present case when it filed a complaint against Chen on June 16, 2006. CFI's first cause of action was for foreclosure/slander of title of the Villa Street property. The cause of action repeated, verbatim, the allegations of the cross-complaint Mali Kuo had filed in the *Bumb* case. The first amended complaint contained seven other causes of action as well: cancellation of trustee's deed, quiet title, accounting, breach of written

contract, unjust enrichment, imposition of constructive trust, and fraud. All eight causes of action related to the foreclosure of CFI's interest in the Villa Street property. At the time the case was filed, CFI was a suspended corporation. Thus, CFI's filing was not effective until it revived its corporate status on March 9, 2007.

## B. Chen's First Motion for Summary Judgment

On January 8, 2009, Chen filed a motion for summary judgment arguing that the case was barred by the statute of limitations. (§§ 437c, 338, subd. (g).) The trial court denied the motion finding a triable issue of fact relating to the date upon which CFI discovered the wrongful foreclosure. Mali Kuo's declaration stated that on April 29, 2003, the date Chen supposedly served notice at the Louis Road address and at a second location, "as Dennis Chen fully knew, none of these addresses or locations were the last know[n] or current addresses for [CFI]. Indeed, Dennis Chen told me that he knew that I was in China while my sister was in Brazil at the time he 'served' the notices that are part of this case at the defunct addresses." The trial court also cited evidence that the person who signed for the certified mail at the Louis Road address had never been associated with CFI and that Chen's notice of default was not received by anyone on behalf of CFI until after February 24, 2004.

## C. The Second Amended Complaint

On July 9, 2010, CFI filed a second amended complaint, dropping the fraud cause of action and adding several others for a total of 11 causes of action: (1) wrongful foreclosure/slander of title, (2) cancellation of the deed of trust, (3) cancellation of the assignment of the deed of trust from Chang to Chen, (4) quiet title, (5) specific performance of the deed of trust, (6) violation of Civil Code section 2941 requiring a deed of reconveyance, (7) disgorgement of rents Chen collected since the foreclosure, (8) surrender of Chen's alleged "ownership interest" in the real property, (9) a declaration that the $250,000 secured by the deed of trust has been satisfied, (10) imposition of a constructive trust on Chen's interest in the real property, and (11) a declaration of CFI's rights in the written instruments and the real property. In addition to declaratory and equitable relief, CFI sought compensatory and punitive damages.

## D. Chen's Second Motion for Summary Judgment

On August 12, 2010, Chen filed a second motion for summary judgment. Chen again raised the statute of limitations defense, citing as newly discovered evidence an answer Mali Kuo gave in her May 2010 deposition. (§ 437c,

subd. (f)(2).) During that deposition Mali Kuo was asked whether CFI had been doing business at the Louis Road address in 1998 and she said that it had been. Counsel then asked when CFI ceased doing business at the Louis Road address and Mali Kuo replied, "After 2007, I think." Counsel confirmed, "So, in other words, it remained—2567 Louis Road remained, as far as you know, the business address for [CFI], up until somewhere around 2007?" Mali Kuo replied, "Either 2007 or 2006."

In addition to raising the statute of limitations defense Chen argued that California's compulsory cross-claims statute (§ 426.30) barred all the claims alleged in the second amended complaint. Chen maintained that since Mali Kuo had been assigned the wrongful foreclosure claim when she filed her answer in the *Bumb* case, and since that claim was related to Chen's suit against her, CFI, which now held the claim, was barred from reasserting it and all related claims.

The motion was heard on October 28, 2010.[3] The trial court rejected Chen's statute of limitations argument, concluding that Chen had "not established, to the satisfaction of the court, newly discovered facts or circumstances or a change of law supporting the issues reasserted in the summary judgment motion." As to Chen's alternative argument the trial court held: "The court finds the claims now asserted in [CFI's] second amended complaint arise out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which [Chen] alleged in his first amended complaint in [the *Bumb* case]." After reciting the evidence of relatedness the trial court concluded, "Given these facts, the court finds the claims are related."

The trial court rejected CFI's argument that its earlier assignment to Mali Kuo was ineffective and that only CFI could have prosecuted its claims against Chen. The trial court stated, "While [CFI] is correct that a claim for the recovery of real property cannot be assigned (see *Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024 [93 Cal.Rptr.3d 405]), [CFI] seeks only to clear title and damages related thereto; [CFI's] remedies do not require a transfer of interest in real property. (See *Broadway* [*Fed. etc.*] *Loan Assoc. v. Howard* (1955) 133 Cal.App.2d 382, 400 [285 P.2d 61].) The court is not persuaded by [CFI's] assertion of the exception found in Code of Civil Procedure section 426.40, subdivision (b). The prohibition against prosecution by a suspended corporation affects the corporation's right to proceed with the cause of action, not the court's ability to entertain the cause of action." The trial court also rejected the argument that section 426.30 did

---

[3] CFI had filed its own motion for summary adjudication, which was heard at the same time. The court denied that motion.

not apply because the parties (Mali Kuo and CFI) were not identical, and noted that an assignee is the real party in interest and sues in his own name.

Judgment was entered on November 10, 2010. CFI has timely appealed.

## III. Discussion

### A. Standard of Review

A defendant moving for summary judgment must show either (1) that one or more elements of the plaintiff's cause of action cannot be established or (2) "that there is a complete defense to that cause of action." (§ 437c, subd. (p)(2).) "A court may grant summary judgment only when the evidence in support of the moving party establishes that there is no issue of fact to be tried." (*Neighbarger v. Irwin Industries, Inc.* (1994) 8 Cal.4th 532, 547 [34 Cal.Rptr.2d 630, 882 P.2d 347].) In other words, summary judgment should be granted only when a moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c).)

On an appeal from summary judgment we review the record de novo. (See *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334 [100 Cal.Rptr.2d 352, 8 P.3d 1089].) "We need not defer to the trial court and are not bound by the reasons for [its] summary judgment ruling; we review the ruling of the trial court, not its rationale." (*Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 85 [20 Cal.Rptr.3d 1].) In so doing we apply the same three-step analysis the trial court applies. "First, we identify the issues framed by the pleadings. Next, we determine whether the moving party has established facts justifying judgment in its favor. Finally, if the moving party has carried its initial burden, we decide whether the opposing party has demonstrated the existence of a triable, material fact issue." (*Chavez v. Carpenter* (2001) 91 Cal.App.4th 1433, 1438 [111 Cal.Rptr.2d 534].)

### B. The Compulsory Cross-claims Statute

Section 426.30, subdivision (a), provides that the filing of a cross-complaint is compulsory in specified cases: "Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded." A "related cause of action" is one that "arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint." (§ 426.10, subd. (c).)

Section 426.30 does not apply if the court in which the action is pending does not have jurisdiction to enter a personal judgment against the person who failed to plead the cause of action (§ 426.30, subd. (b)(1)) or the person who failed to plead the related cause of action did not answer the complaint (*id.*, subd. (b)(2)). In addition, the rule does not apply if the court in which the action is pending and any other court to which the action could be transferred is prohibited by state or federal law from entertaining the claim. (§ 426.40, subd. (b).)

The purpose of the law is to prevent piecemeal litigation. (*Carroll v. Import Motors, Inc.* (1995) 33 Cal.App.4th 1429, 1436 [39 Cal.Rptr.2d 791].) In order to advance that purpose, the statute is liberally construed. (*Align Technology, Inc. v. Tran* (2009) 179 Cal.App.4th 949, 959 [102 Cal.Rptr.3d 343].) Section 426.30 is an affirmative defense that completely disposes of any cause of action to which it applies. (*Hulsey v. Koehler* (1990) 218 Cal.App.3d 1150, 1158 [267 Cal.Rptr. 523].)

### C.   Section 426.30 Does Not Apply to CFI's Causes of Action

CFI's 11 causes of action are either directly or indirectly related to Chen's foreclosure under the deed of trust to the Villa Street property. The basis for Chen's summary judgment motion was CFI's assignment of claims related to the foreclosure to Mali Kuo in 2004. According to Chen, the assignment meant that Mali Kuo had the wrongful foreclosure cause of action when she filed her answer in the *Bumb* case, the cause of action was related to Chen's claim against her, and, therefore, Mali Kuo was required by section 426.30 to litigate the wrongful foreclosure cause of action and all related claims by cross-complaint in the *Bumb* case. Her failure to do so, he says, bars all causes of action contained in the second amended complaint.

CFI maintains that section 426.30 does not bar these claims because (1) its claims against Chen are unrelated to Chen's collection action against Mali Kuo, (2) Mali Kuo could not have prosecuted the claims CFI had assigned to her because she did not have title to the property, (3) the section does not apply to "representative" claims, and (4) it was impossible for Mali Kuo to prosecute the claim in the *Bumb* case because CFI's corporate status was suspended at the time. Chen challenges each point and also argues that the statute of limitations provides an independent basis for affirming the judgment. CFI's second argument is dispositive.

Although the parties dispute the relatedness of the two sets of claims, we need not reach the relatedness question. The first requirement of section 426.30 is that the party "has" the claim at the time she files her answer. Chen

failed to establish, as a matter of law, that CFI's assignment of claims to Mali Kuo also transferred its interests in the property such that she could have had any of the property-related claims when she filed her answer in the *Bumb* case.

Unless a statute provides otherwise, every action must be prosecuted in the name of the real party in interest. (§ 367.) "A real party in interest is one who has 'an actual and substantial interest in the subject matter of the action and who would be benefited or injured by the judgment in the action.' (*Friendly Village Community Assn., Inc. v. Silva & Hill Constr. Co.* (1973) 31 Cal.App.3d 220, 225 [107 Cal.Rptr. 123].)" (*Martin v. Bridgeport Community Assn., Inc., supra*, 173 Cal.App.4th at pp. 1031–1032 (*Martin*).) With regard to an action for transfer of real property, only the person claiming title to the property has the actual and substantial interest to be a real party in interest. A cause of action seeking the transfer of an interest in real property cannot be assigned absent assigning the interest in the property. (*Id.* at p. 1032.)

*Martin, supra*, 173 Cal.App.4th 1024, is instructive. In the *Martin* case, the Petersons owned a home in a planned unit development and had entered into an agreement with the homeowners' association for a lot line adjustment that would have transferred a portion of the common area to the Petersons' lot. The plaintiffs in the case were the Martins, the Petersons' daughter and son-in-law, who lived in and made the mortgage payments on the home. When the homeowners' association failed to adjust the lot lines as agreed, the Martins sued for breach of contract and specific performance, among other things. (*Id.* at p. 1029.) As to the contract causes of action, the appellate court held that the Martins did not have standing because they did not own the property. The Martins argued that the Petersons had assigned to them all right, title, and interest in the causes of action pursuant to Civil Code section 954. Civil Code section 954 provides: "A thing in action, arising out of the violation of a right of property, or out of an obligation, may be transferred by the owner." But as the *Martin* court pointed out: "Assignability under [Civil Code] section 954 is limited to '[a] thing of action,' a term defined in [Civil Code] section 953 as 'a right to recover money or other personal property by a judicial proceeding.' By definition, '[t]he words "personal property" include money, goods, chattels, things in action, and evidences of debt,' and do not include 'lands, tenements, and hereditaments,' which instead are 'real property.' ([Civ. Code,] § 14.)" (*Martin, supra*, at p. 1032.) The Martins' contract claims involved "a right to recover an ownership interest in real property and not 'a right to recover money or other personal property.' ([Civ. Code,] § 953.) Thus, contrary to the Martins' contentions, the first and second causes of action were not choses of action assignable under [Civil Code] section 954. They could be brought only by the real parties in interest, the Petersons." (*Id.* at p. 1033.)

In the present case, the trial court acknowledged that the right to recover property is not assignable but rejected CFI's argument that the assignment was ineffective because CFI sought only to clear title and damages for the cloud on title; its remedies did not require a transfer of interest in the property. The trial court cited *Broadway Fed. etc. Loan Assoc. v. Howard, supra,* 133 Cal.App.2d at page 400 (*Broadway Fed.*), but the holding in that case has no application to the facts before us. *Broadway Fed.* involved a judgment for the defendant in a slander of title case. One plaintiff, the wife, owned the slandered property but only the husband appealed. Because the property belonged to the wife, all damages would have been hers and, since she had not appealed, the appellate court affirmed the judgment. (*Ibid.*)

The trial court's reference to *Broadway Fed.* may have been to that court's description of slander of title damages as: "pecuniary loss caused by the impairment of vendibility of the interest in the property and the cost of clearing title from the disparaging claim." (*Broadway Fed., supra,* 133 Cal.App.2d at p. 400.) Indeed, a slander of title cause of action need not be based upon an actual foreclosure as demonstrated by *Broadway Fed.,* where there had been no foreclosure; the defendant had recorded a notice of default and published notice of a trustee's sale such that the only injury was pecuniary. (*Id.* at p. 399.) Although a slander of title claim does not seek transfer of an interest in the property, such a claim may be prosecuted only by someone with an interest in the property. " 'An action for slander of title is maintainable only by one who possess[es] an estate or interest in the property.' " (*Truck Ins. Exchange v. Bennett* (1997) 53 Cal.App.4th 75, 84, fn. 3 [61 Cal.Rptr.2d 497], quoting Annot., Slander of Title: Sufficiency of Plaintiff's Interest in Real Property to Maintain Action (1991) 86 A.L.R.4th 738, 742, § 2.) Moreover, in this case the sale has taken place. By seeking to clear title CFI necessarily sought transfer of the property because the foreclosure had terminated CFI's interest in the property. (See Black's Law Dict. (6th ed. 1990) p. 646, col. 1 [defining "foreclosure" as "termination of all rights of the mortgagor or his grantee in the property covered by the mortgage"].)

CFI's second amended complaint is at bottom a quiet title action. "A quiet title action seeks to declare the rights of the parties in realty. . . . ' "The object of the action is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to." ' " (*Western Aggregates, Inc. v. County of Yuba* (2002) 101 Cal.App.4th 278, 305 [130 Cal.Rptr.2d 436], quoting *Yuba Invest. Co. v. Yuba Consol. Gold Fields* (1926) 199 Cal. 203, 209 [248 P. 672].) "A description of the parties' legal interests in real property is all that can be expected of a judgment in an action to quiet title." (*Lechuza Villas West v. California Coastal Com.* (1997) 60 Cal.App.4th 218, 243 [70 Cal.Rptr.2d 399].) Title is quieted "as to legal interests in

property." (*Id.* at p. 242.) It follows that absent an interest in the property, a party has no standing to ask the court to quiet title in the property or to obtain damages for the cloud on title. An action to cancel a trustee's deed or other instrument purportedly transferring title is no different. "One without any title or interest in the property cannot maintain such an action." (*Osborne v. Abels* (1939) 30 Cal.App.2d 729, 731 [87 P.2d 404].) Thus, absent evidence that CFI had transferred its interest in the Villa Street property to Mali Kuo, Mali Kuo would not have had standing to assert CFI's causes of action in connection to the *Bumb* case; they cannot have been the subject of a compulsory cross-complaint.

Chen argues that CFI's 2004 assignment of claims to Mali Kuo transferred *all* rights necessary to create standing in Mali Kuo but the plain language of the assignment does not bear that out. The assignment transfers claims and causes of action; it says nothing about transferring CFI's interest in the Villa Street property. Indeed, Mali Kuo's cross-complaint in the *Bumb* case did not allege any interest in the property itself nor did she seek adjudication of her rights in the property. The 2004 assignment of "claims and causes of action," without more, is insufficient to show that Mali Kuo had the claims CFI raises in this case when she filed her answer in *Bumb*. Accordingly, Chen has not shown that section 426.30 entitles him to judgment as a matter of law.[4]

### D. The Statute of Limitations Is Not an Independent Basis to Affirm

Chen argues that the statute of limitations provides an independent basis to affirm the judgment. According to Chen, Mali Kuo's 2010 deposition testimony relating to the years in which CFI did business at the Louis Road address is conclusive of the issue. CFI raises a number of procedural defects that we need not consider because the cited evidence would not support judgment for Chen as a matter of law.

In opposing Chen's first summary judgment motion, CFI's evidence showed that it did not discover the fact of the trustee's sale until February 2004 when Mali Kuo was told of the foreclosure. The trial court found that the evidence raised a triable issue of fact as to when CFI discovered the sale and whether its delayed discovery was justified. The court relied for that conclusion upon evidence that Chen knew Mali Kuo and her sister were out of the country and that Louis Road was a "defunct" address when he served notice there, that the person who signed for the certified mail at the Louis

---

[4] We need not consider application of the affirmative defense to each cause of action separately because Chen did not ask the trial court to separately adjudicate the claims nor does he ask this court to do so.

Road address had never been associated with CFI, and that the notices were not received by anyone on behalf of CFI until after February 24, 2004. Mali Kuo's later deposition testimony stating her belief that CFI used Louis Road from 1998 through 2006 or 2007 does not wholly undermine the evidence that Mali Kuo and her sister were out of the country when Chen served notice at Louis Road and that he knew they were gone and would not have received the notice he mailed. That is, there remains a conflict in the evidence with regard to the delayed discovery issue. Accordingly, the trial court correctly concluded that Chen had not established newly discovered facts supporting the issue asserted in the motion. (§ 437c, subd. (f)(2).)

## IV. DISPOSITION

The judgment is reversed.

Rushing, P. J., and Bamattre-Manoukian, J., concurred.